By the Court,

Bronson, J.
Whether there was a sufficient demand of the money deposited before suit brought was properly submitted to the jury, upon conflicting testimony, as a question of fact for their determination.
The defendants attempted to prove that the certificate of deposit had been negotiated by the plaintiff; that the money had in fact been paid by the bank, and that they had unfortunately lost the evidence of the payment. On a careful consideration of the evidence, I think they failed in making out a case for the jury, and that the circuit judge was right in withdrawing that question from their consideration. The defendants did not give the best evidence in their power concerning the contents of the packages which were stolen from the steamboat. The person who made up the packages in New York should have been called, or his absence accounted for. Until that was done, no sufficient ground was laid for a presumption that the certificate had been negotiated by the plaintiff and the money paid by the bank. If the question had been submitted to the jury, and they had upon the evidence presumed against the plaintiff, we should have been obliged to grant a new trial.
It is agreed by the counsel that no action could be maintained against the bank until after a demand of the money. A question has then been *291 discussed as to the time when the statute of limitations commenced running (Stafford v. Richardson, 15 Wendell, 302). And see the cases collected in Blanshard on Limitation, 101, 5; Wilkinson on Limitation, 45, 6; Lawes on Plead. 732, 4. But it is unnecessary to pass upon that question. If the statute commenced running when the money was deposited, there was sufficient evidence from which to infer a new promise. In 1835 th'e defendants made and published a statement, that this money was deposited in the bank in 1827, to the credit of the plaintiff, and that it remained unclaimed. This was an unequivocal admission of the original indebtedness, and that it still remained unpaid. It was not accompanied by any qualification or condition, or anything from which it could be inferred that the defendants were unwilling to pay the amount whenever it should be demanded. Such an acknowledgment lays a sufficient foundation for implying a new promise within all the cases.
It is said that the defendants should not be prejudiced by the admission, because they were required by the legislature to make it. The statute in question did not require such an admission as would deprive the defendants of any defence they might have under the statute of limitations. The statement published might have been accompanied by the declaration that the defendants believed the money had been paid, although the evidence of the payment had been lost; and then the publication would have furnished no evidence of a new promise. But the defendants have admitted an original and continued indebtedness, without any qualification whatever, either of their liability or willingness to pay. It is now. too late to insist on the statute of limitations.
New trial denied.