## THE KINGSTON BANK *vs.* GAY and others.

To constitute a payment, money, or some other valuable thing, must be delivered by the debtor to the creditor, for the purpose of extinguishing the debt, and the creditor must receive it for the same purpose.

Thus where the defendants forwarded money to the plaintiffs, sufficient to pay a note, held by the latter against the former, but the plaintiffs refused to receive the money in payment, and informed the defendants that the money was subject to their order; *it was held* that this did not amount to a payment of the note.

*Held also,* that if the defendants intended to protect themselves against the costs

of an action they should have withdrawn the deposit, and made a *tender* of the amount.

*Held further*, that the defendants were not entitled to set off the amount of the deposit against the note, without a previous demand.

APPEAL from a judgment entered upon the report of a referee. The action was upon a promissory note, against makers and indorsers. It appeared upon the trial that the note, having become due, and having been protested for non-payment, was placed in the hands of the attorney of the plaintiffs for collection. Before a suit was commenced, the makers enclosed in a letter, and forwarded to the plaintiffs' cashier, a sum sufficient to pay the note and the fees of protest. The cashier replied by. letter, stating that the note was in the hands of the attorney : that costs, to the amount of about $7, had been made upon it, and that the money was at their credit on the books of the bank. Subsequently, a suit was commenced upon the note, and the defendants set up, by way of defense, the payment of the money, and also claimed to set off the amount against the note. The referee reported in favor of the plaintiffs, for the amount of the note with interest.

*H. Hogeboom*, for the plaintiffs.

*E. Whitaker*, for the defendants.

*By the Court*, HARRIS, J. To constitute a payment, money or some other valuable thing must be delivered by the debtor to the creditor, for the purpose of extinguishing the debt, and the creditor must receive it for the same purpose. In this case, the debtors forwarded to the plaintiffs money to pay their debt. But the plaintiffs refused to receive it in payment. Instead of doing this, they informed the defendants that the money was subject to their order. The note, therefore, was not paid. The creditor did not consent to receive the money in payment, and without such consent there could be no payment. If the defendants intended to protect themselves against the costs of the

action, they should have withdrawn the deposit and made a *tender* of the amount.

Whether the plaintiffs were entitled to costs before the suit had been actually commenced, or not, the plaintiffs were entitled to recover in this action, unless the defendants had a right to set off the amount of the deposit against the note. A set-off is, in legal effect, a cross action, and cannot be allowed, except in a case where a suit might have been maintained by the defendant upon the same demand. In this case, no such suit could be maintained without proof of a demand of the money. It was held by the plaintiffs as the bailee or depositary of the defendants. Before they would be liable in an action for the money, it must be demanded of them. (*Downes* v. *Phœnix Bank*, 6 *Hill*, 297. *Adams* v. *Orange County Bank*, 17 *Wend.* 514.) Neither the defense of payment nor that of set-off having been sustained, the referee was right in reporting in favor of the plaintiffs. The judgment should, therefore, be affirmed.

[ALBANY GENERAL TERM, September 4, 1854. *Wright, Watson* and *Harris,* Justices.]