## SWEET *vs.* TITUS and another.

It is well settled that the delivery of a check is not a payment, unless there be an agreement to that effect, or unless the drawer, in consequence of some *laches* on the part of the holder, has sustained loss or injury in respect thereof, and then only *pro tanto.*

A creditor is not bound to accept a check, even if it be for the entire amount of his claim.

Nor is he bound to receive money. He may, although it be sent to him, refuse to accept it, and leave the debtor to his plea of tender, when sued for the claim.

He may do this, even though, having received the money, he keeps it subject to the order of the debtor. The latter must withdraw the money, and plead tender, and thus save himself from the costs of the controversy.

The defendants being indebted to the plaintiff in the sum of $89.29, the proceeds of a consignment of produce sent to them for sale, sent their check for that amount to the plaintiff, with an account of sales. The plaintiff refused to accept the check, claiming that the defendants were indebted to him for balances on former shipments. He did not return or use the check, but held the same subject to the order of the drawers, and offered to surrender it, on the trial. *Held,* that the referee was correct in holding that the check was not a payment *pro tanto* of the plaintiff's claim.

APPEAL, by the defendants, from a judgment entered on the report of a referee. (*S. C., briefly reported,* 4 *Hun,* 639.)

*J. H. & W. L. Van Derzee*, for the appellants.

*E. E. Harding*, for the respondent.

*By the Court*, BRADY, J.    The plaintiff sent several packages of produce to the defendants to sell on commission.    The last shipment was in the month of January, 1872.    The chief controversy, however, relates to a consignment of butter, made in December, 1871, the proceeds of which, after deducting expenses and commissions, amounted to $89.29, and for which amount, with the account of sales, the defendants transmitted their check to the plaintiff.    The parties, although such was not always the course of dealing, had sometimes closed kindred transactions by check which was sent and accepted.    The plaintiff was dissatisfied with the result, as stated, the butter having cost him thirty cents per pound, and having been sold for twenty-two cents. He wrote the plaintiff, by his attorney, on the subject, and claimed not only that he should be paid at the rate of thirty-three cents per pound for his butter, but also that the defendants were indebted to him for balances on former shipments.    He said, in reference to the check for $89.29, that if the defendants would pay him the sum demanded by him, deducting the amount of the check, and return his butter pails free of charge, it would be satisfactory — otherwise he would return the check and commence legal proceedings.    The defendants did not comply with the requisitions of this letter, and the plaintiff commenced his action.    He did not return the check, or use it.    He kept it, and offered to surrender it on the trial.    The defendants refused to receive it.    The referee found that there was a small balance due over and above the check, but that the check was given for all that the plaintiff was entitled to recover for the merchandise to which it related.    The

Sweet v. Titus.

sum of $89.29, in other words, covered the proceeds of • the butter, less expenses and commissions.

The evidence fully warranted these results, and the only question, therefore, which we are called upon to consider is, the refusal of the referee to regard the check as a payment, *pro tanto*, of the plaintiff's claim. It seems to be well settled that the delivery of a check is not a payment, unless there be an agreement to that effect, or unless the drawer in consequence of some laches on the part of the holder has sustained loss or injury in respect thereof, and then only *pro tanto*. (*Syracuse, Binghamton and New York R. R. Co.* v. *Collins*, 3 *Lansing*, 29, *and cases cited. Hill* v. *Beebe*, 13 *N. Y.*, 566. *Bradford* v. *Fox*, 38 *id.*, 289.) The creditor is not bound to accept a check, even if it be for the entire amount of his claim. He is not bound to receive money. He may, although it be sent to him, refuse to accept it, and leave the debtor to his plea of tender, when sued for the claim. He may do this even though having received the money he keeps it subject to the order of the debtor. The latter must withdraw the money and plead a tender, and thus save himself from the costs of the controversy. (*The Kingston Bank* v. *Gay*, 19 *Barb.*, 459.) While the creditor has his rights, the debtor is not without corresponding advantages. If he choose to absolve himself from a debt due, he must tender the amount of it; and having done so, if the creditor refuse to receive it, the latter must take the consequences of his obstinacy. It may be that a court of equity would compel the creditor, in a proper case therefor, to discharge an incumbrance; but that is not this case. Applying these principles to the case in hand, the conclusion must be that the referee was correct in holding that the check was not a payment. The plaintiff refused to accept it, and held it subject to the order of the defendants. They suffered no loss by that circumstance. The evidence shows that it was good

from the time it was given until the time of the trial. If the defendants wished to make it absolute they should have demanded its return, and if the plaintiff had refused to comply, the finding that it was accepted would have been warranted. They did not do so. There is nothing in the form of the complaint which militates against this proposition. The averments therein are general, of certain causes of actions, and no credit is given for the check received. The plaintiff's letter, written for him by his attorney, contemplates a credit for it, provided the defendants acquiesced in his claims; but they did not do so, and he made no use of the check, as already suggested.

The result of these considerations must be, for the reasons assigned, that the judgment should be affirmed.

Ordered accordingly, with costs.

