NICOLA GIOVANNANGELI, Plaintiff, *v.* LEVICH & POLLACH, INC., Defendants.

Supreme Court, New York County, March 19, 1929.

*Duryee, Zunino & Amen* [*S. S. Duryee* of counsel], for the plaintiff.

*O. Bellick*, for the defendants.

COTILLO, J. The action is brought to recover a balance due plaintiff of a fund deposited by the plaintiff with the defendant. The answer contains two affirmative defenses. The first is that in 1922 the defendant procured a certificate of dissolution from the Secretary of State. The second defense is the Statute of Limitations. The first defense fails as the mere dissolution of a corporation does not absolutely destroy its existence. The law is clear that it nevertheless continues for the liquidation of its assets and the payment of its debts, and it may sue and be sued in its corporate name. (Gen. Corp. Law, § 221, subd. 3, now Stock Corp. Law of 1923, § 105, subd. 8; *Metropolitan Tel. Co.* v. *Metropolitan Tel. Co.*, 156 App. Div. 577.) The defense of the Statute of

Limitations fails, unless the notice alleged to have been given to the plaintiff of the dissolution of the defendant should convert the plaintiff's claim from a demand to a time deposit. Although the law is well settled beyond dispute that the debt on account of moneys so deposited does not become due and the Statute of Limitations does not start running until demand is actually made (Civ. Prac. Act, § 15, subd. 2) and that a depositor has no cause of action for such debt until after actual demand (*Bank of British North America* v. *Merchants' National Bank of New York*, 91 N. Y. 106), nevertheless, if the notice changed the status of the deposit the statute would bar this action. I cannot see how this notice could possibly change this deposit to a time deposit. At most it was, to borrow an expression from *Adams* v. *Orange County Bank* (17 Wend. 514), " an unequivocal admission of the original indebtedness and that it still remained unpaid."

Motion to strike out defendant's answer and for summary judgment granted. Settle order.