**BLOEDORN v. WASHINGTON TIMES CO.**
No. 6709.

United States Court of Appeals for the District of Columbia.

Decided March 1, 1937.

Samuel W. McCart, of Washington, D. C., for appellant.

R. H. Yeatman, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

MARTIN, Chief Justice.

An appeal from an order of the lower court sustaining a motion to quash the service of summons upon the defendant and entering judgment dismissing the case.

The record discloses that on June 18, 1935, the appellant, May Howard Bloedorn, filed in the lower court a declaration against the Washington Times Company, described in the declaration as "a corporation doing business in and having an office in the District of Columbia," claiming judgment for damages in the sum of $50,000 because of an alleged libel concerning the plaintiff published by defendant in certain issues of defendant's newspaper.

A writ of summons was issued on the same day which was returned by the United States Marshal with the following indorsement: "Served copies of the declaration, affidavit and this summons on 6/18/35 Personally The Washington Times Company by C. D. Lesher, Asst. Auditor."

Afterwards on June 28, 1935, the defendant, appearing specially in the case, moved the court to quash the service of process and to dismiss the case for lack of jurisdiction of the person of the defendant, upon the ground that defendant was a corporation organized and existing under the laws of the state of New York, and was a nonresident of the District of Columbia; that the corporation was dissolved under the laws of the state of New York on September 25, 1934, and at the time of the attempted service of summons upon it defendant was not doing business within the District of Columbia, nor did it then have a resident agent, officer, or other person in its employ within the District; and that C. D. Lesher upon whom the summons was served was not at the time of such service an officer, agent, or employee of the corporation. Defendant accordingly moved the court to quash the service of summons and to dismiss the suit.

An affidavit of Raymond F. McCauley was filed therewith, alleging that the defendant corporation was incorporated under the laws of the state of New York on January 10, 1902, and up until the date of its dissolution, it transacted business within the District of Columbia; that on September 25, 1934, the corporation was dissolved in accordance with the laws of the state of New York, where it was incorporated, and since that time it had not engaged in business in the District of Columbia. Moreover that C. D. Lesher

836

upon whom service of process was attempted to be made was not at that time assistant auditor of the defendant corporation, nor was he an officer, agent, servant, or employee of the corporation.

At the same time an affidavit of C. D. Lesher was filed to the same effect as the foregoing affidavits, and stating also that at the date of the affidavit and on June 18, 1935, he was in the employ of American Newspapers, Inc., and was not nor for a long time prior thereto had he been in the employ of the Washington Times Company, nor was he at such times an officer, agent, or employee of that company. Affiant also stated that American Newspapers, Inc., at the time of the alleged service of summons, was publisher of the newspaper known as the Washington Times, and that the Washington Times Company had not been engaged in business in the District of Columbia, nor did it own or have any assets therein, nor any place of business in the District.

Afterwards on July 5, 1935, an alias summons was issued directed to the Washington Times Company, a corporation, which was returned indorsed as follows: "Served copies of the declaration, affidavit and this summons on the above named The Washington Times Company, a corporation, by serving W. H. Mills, chief accountant for the said corporation also chief accountant for American Newspapers, Inc., Personally 7/5/35."

Thereupon on July 11, 1935, a motion to quash the service of process was filed by the Washington Times Company by counsel appearing specially for the purpose of the motion and as grounds thereof set out the dissolution of the corporation as alleged in its former affidavit and that W. H. Mills on whom the alias summons was served was not chief accountant of the corporation at the time of such service, nor was he then an officer, agent, or employee of the Washington Times Company.

This motion was supported by the affidavit of Raymond F. McCauley containing the averments that he was formerly secretary of the Washington Times Company; that on January 10, 1902, the company was incorporated under the laws of the State of New York; that it did business in the District of Columbia up until the date of its dissolution; that on September 25, 1934, the corporation was dissolved in accordance with the laws of the state of New York, and that since that time it had not been doing business in the District of Columbia; that it was not doing business therein on July 5, 1935, the date of the alleged service upon it, and that W. H. Mills on whom service of process was attempted to be made was not on July 5, 1935, chief accountant of the Washington Times Company, nor an officer, agent, servant, or employee of that corporation.

Also in support of the motion an affidavit was filed by W. H. Mills who averred that on July 5, 1935, he was an employee in the auditing department of American Newspapers, Inc.; that he had been in the employ of that corporation continuously since October 1, 1934, and during that time had not been in the employ of the Washington Times Company as chief accountant or in any capacity as officer, agent, or employee thereof; that American Newspapers, Inc., published the newspaper known as the Washington Times and that the Washington Times Company was not on June 18, 1935, or on July 5, 1935, engaged in business in the District of Columbia and had not been for a long time prior thereto, nor subsequently, nor did it at such times own or have any assets or any place of business in the District.

In opposition to the motion to quash the service of process the affidavit of Samuel W. McCart was filed by plaintiff, wherein it was averred that between September 25, 1934, and May, 1935, 76 suits had been filed in the municipal court of the District of Columbia in which the Washington Times Company was named as party plaintiff and in which the address of the corporation was stated in the caption to be 1317 H St., N. W., being the address housing the plant wherein the Washington Times had been published; that the object of each of the suits was to collect money claimed to be due to the Washington Times Company from residents of Washington, D. C., for advertising or other items furnished by the company prior to September 25, 1934; that each of the 76 suits was accompanied by an affidavit of merit under rule 16 of the municipal court verified by E. J. Ellwanger wherein said Ellwanger averred that the Washington Times Company was a corporation doing business in the District of Columbia and that he was credit man-

ager thereof; that 33 of these suits in the municipal court were entered as satisfied or dismissed, judgment entered in 31, and 12 remained undisposed of; that no notation appeared in the records of such cases up until September 5, 1935, claiming any change in plaintiff's status or right to maintain suit in its own name; that since June 18, 1935, approximately 15 suits were filed up to September 5, 1935, claiming money due for advertising supplied by the Washington Times Company in which suits the plaintiff is named as American Newspapers, Inc., trading as Washington Times Herald, and that said suits make no reference to any transfer of title from the Washington Times Company; that on July 5, 1935, affiant went with the Deputy Marshal (Allen) to 1317 H St., N. W., for the purpose of finding out who was the proper party to serve with papers in the case; that he went to the office of W. H. Mills and told Mills that he was there to serve papers on the Washington Times Company; that Mills stated that the Washington Times Company was dissolved and showed the certificate of dissolution to affiant; that affiant then said that the accounts receivable of the Washington Times Company were still being collected and that Ellwanger was bringing these suits claiming to be credit manager of the corporation, and that affiant thought Ellwanger was the proper party to be served: that Mills then said that neither Ellwanger nor he (Mills) worked for the Washington Times Company, but both worked for American Newspapers, Inc.; Mills further stated that Lesher was his assistant and that Lesher and he audited the book entries of money collected by Ellwanger on old accounts of the Washington Times Company; affiant then directed the marshal to serve the summons on Mills which he did. An affidavit of Harry Allen, deputy marshal, was filed which corroborated in substance the affidavit of affiant McCart. No other testimony was offered upon the motion.

Thereupon the court sustained the motion to quash and entered a judgment dismissing the case. The present appeal was then taken.

■ We agree with the decision of the lower court. It is conceded that under the laws of the state of New York mere dissolution of a corporation does not absolutely destroy its existence, but that it continues its corporate character for the liquidation of its assets and the payment of its debts, and it may be sued in its corporate name. General Corporation Law of New York (Consol.Laws, c. 23) § 29, as amended by Laws 1932, c. 552; New York Stock Corporation Law (Consol.Laws N.Y. c. 59) § 105, par. 7, art. 10; Metropolitan Telephone & Telegraph Co. v. Metropolitan Telephone & Telegraph Co., 156 App.Div. 577, 141 N.Y.S. 598; Giovannangeli v. Levich & Pollach, Inc., 134 Misc. 245, 235 N.Y.S. 28, 29. See, also, section 785, D.C.Code 1901 (D.C.Code 1929, T. 5, § 408).

It is clear from the affidavits filed in the case that the Washington Times Company was a New York corporation engaged in business in the District of Columbia prior to September 25, 1934, when it was dissolved in accordance with the laws of New York, and that since that time it has not engaged in business in the District and has had no place of business nor resident agent therein. Accordingly, service of summons upon it, to be effectual, must conform to the provisions of title 24, § 373, D.C.Code 1929, reading in part as follows: "When a foreign corporation shall transact business in the District without having any place of business or resident agent therein, service upon any officer or agent or employee of such corporation in the District shall be effectual as to suits growing out of contracts entered into or to be performed, in whole or in part, in the District of Columbia or growing out of any tort committed in the said District."

■ In the present case, therefore, the question is whether summons was served upon an officer, agent, or employee of the corporation in the District. This question may be raised by a motion to quash the service of summons in the case. Fischer v. Munsey Trust Co., 44 App.D. C. 212.

■ The testimony shows beyond reasonable doubt that at the time when the summons was served upon them neither Mills nor Lesher was an officer, agent, or employee of the Washington Times Company, but each was employed by American Newspapers, Inc. It appears, however, that one Ellwanger was engaged in an effort to collect the accounts due to the Washington Times for advertising or other service rendered while the corporation

was operating within the District, and that in suits which he had brought against debtors in the municipal court of the District, Ellwanger had described himself as credit manager of the Washington Times Company. It is very doubtful according to the testimony whether Ellwanger was ever employed by the Washington Times Company as its "credit manager," or that he could be called an officer, agent, or employee of that company. However, this is not a vital question herein inasmuch as no summons was served upon Ellwanger. Therefore it seems certain that in the present case service was not made upon any officer, agent, or employees of the defendant corporation in conformity with the statute, and the court acquired no jurisdiction over the person of the defendant corporation.

The judgment of the lower court is affirmed, with costs.