## FLAG OIL CORPORATION of DELAWARE et al. v. TRIPLETT et al.

## STANDLEY v. WEATHERFORD BLDG. & LOAN ASS'N et al.

Nos. 25105, 25106.   April 13, 1937.

.Rehearing Denied May 25, 1937.

Suits & Disney, for plaintiffs in error the Flag Oil Corporation of Delaware and Flag Company, Inc.

Snyder, Owen & Lybrand, for plaintiff in error Charles S. Standley.

Meacham, Meacham & Meacham, for defendant in error J. A. Triplett.

Suits & Disney, for cross-petitioners in error the Flag Oil Corporation of Delaware and Flag Company, Inc.

GIBSON, J.   These appeals are from the district court of Custer county. The causes were consolidated in the trial court and have been consolidated here for purposes of review.

The defendant in error J. A. Triplett was the owner of certain certificates of stock in the Weatherford Building & Loan Association upon which certificates he executed an assignment in blank and delivered the same to E. J. Son, a stock salesman, pursuant to a purported agreement with Son, as the alleged agent of the Flag Oil Corporation of Delaware and the Flag Company, Incorporated, concerning Triplett's purchase of certain stock in said Flag Oil Corporation. Thereafter Son sold and delivered the certificates to Charles S. Standley for a valuable consideration.

After the sale and delivery of the building and loan certificates by Son to Standley, said Triplett commenced an action against the Flag Oil Corporation of Delaware, the Flag Company, Incorporated, E. J. Son, and Weatherford Building & Loan Association, seeking to restrain said association from transferring said certificates on its books or canceling and cashing same, and to cancel the above-mentioned agreement wherein Triplett had agreed with the alleged agent of the Flag Oil Corporation and Flag Company, Incorporated, concerning the purchase of stock in said Flag Oil Corporation, and praying that said certificates be adjudged to be the property of the said Triplett.

In that action Triplett was awarded a temporary restraining order. Thereafter Standley commenced his action against the association seeking a writ of mandamus to

compel transfer of the building and loan stock to his name upon the books of the association. Standley was thereupon made a party defendant in the first action, and the causes were then consolidated.

The issues as made up resolved themselves into one of fraud on the part of Son as agent in procuring the certificates from Triplett, and Standley's knowledge of such fraud at the time he purchased said certificates from Son.

The trial court found that the certificates were procured from Triplett through fraud and that Standley was charged with knowledge thereof, and rendered judgment for Triplett against all defendants as prayed, and also rendered judgment for Standley against the Flag Oil Corporation and the Flag Company, Inc., and E. J. Son for the amount paid out by him for the certificates. From the judgment as so rendered in the consolidated causes these appeals have been taken.

Defendant in error Triplett filed his motion to dismiss the appeals, which motion, except the amendments thereto, has heretofore been considered by the court and denied. It is charged in the original motion, and here reasserted, that the appeals are duplicitous in that the appellants have undertaken by appeal upon a single casemade to reverse several judgments against the parties, which judgments do not affect all alike.

The plaintiffs in error have heretofore obtained an order of this court permitting the consolidation of the two appeals. To the one original case-made the parties have attached their petitions in error. The judgment pronounced by the trial court in the consolidated cases affects all plaintiffs in error alike, except that part thereof which gives Standley a judgment over and against the two Flag companies. Those two companies and E. J. Son have joined in their assignments of error, and Standley has filed his separate petition in error. All the assignments so presented affect all parties joining therein alike. The two Flag companies have filed their cross-petition assigning errors common to and affecting them alone. The assignments of error have, therefore, been properly presented so as to apply only and alike to the parties joining therein.

Appeals prosecuted in the foregoing manner do not violate the rule announced in Harper v. Stumpff, 84 Okla. 187, 203 P. 194, as follows:

"Where the parties have undertaken by one appeal upon one petition in error and one case-made to reverse two or more judgments this court will dismiss such an attempted appeal for duplicity."

Here, although it is contended that the trial court entered two distinct judgments, there are, nevertheless, proper petitions in error attached to a case-made which properly incorporates the entire proceedings had on trial of the consolidated cases where in fact one judgment was entered, a portion of which did not affect all the parties alike.

We conclude that where two or more causes are consolidated for trial and appeal, as was done here, if petitions in error are attached to one proper case-made, and the assignments of error are properly presented, we find no objection to a review of the errors complained of in both causes, although but one case-made is filed.

As further ground for dismissal of the appeals, Triplett asserts that Standley has recognized the validity of the judgment against him and has accepted the benefits thereof, thus destroying his right to appeal from such judgment.

It is shown that after the trial court pronounced judgment against all the plaintiffs in error, Standley moved to amend his pleadings so as to seek judgment over and against his codefendants for the amount paid out by him for the certificates. The motion was sustained and the amendment made. Judgment was then entered for Standley against his codefendants for the sum demanded. Standley then secured a transcript of said judgment and filed the same in the district court of Caddo county, seeking thereby to establish a lien upon any property said codefendants may have owned in that county.

Triplett says that the foregoing acts of Standley constituted a recognition of the validity of the judgment against Standley and deprives him of the right to appeal therefrom under the rule expressed in Haskell v. Ross, 71 Okla. 46, 175 P. 204, as follows:

"Any act on the part of a defendant by which he impliedly recognizes the validity of a judgment against him operates as a waiver to appeal therefrom, or to bring error to reverse it."

See, also, City of Lawton v. Ayres, 40 Okla. 524, 139 P. 963; Elliott v. Orton, 69 Okla. 233, 171 P. 1110; Ingram v. Johnson, 71 Okla. 171, 176 P. 241; Home Builders Lbr. Co. v. White, 75 Okla. 294, 183 P. 725;

Ingram v. Groves, 84 Okla. 159, 202 P. 1019; Johnson v. First Nat'l Bank, 93 Okla. 194, 220 P. 47.

By his pleadings Standley sought to establish his title to the certificates and, in the alternative, he sought to recover the value thereof from the parties allegedly responsible for his loss in event he should fail to establish his title.

Although we may find no fault with this character of pleading, it is obvious that the pleader may not pursue his remedies to final satisfaction of his claims asserted under both. When he is granted relief under one remedy and recognizes the validity of the judgment granting such relief, he recognizes the validity of that portion of the judgment denying the relief sought by the other remedy. Here Standley obtained judgment against his codefendants and immediately set about to enforce the same by establishing, or attempting to establish, a judgment lien in another county. By so doing he recognized the validity of that portion of the judgment establishing title to the certificates in Triplett, and thereby waived his right to appeal therefrom.

In view of the foregoing rule in the Haskell Case, Standley's appeals must be dismissed.

The trial court found that E. J. Son, as agent for his codefendants, procured the certificates from Triplett through fraud. After a careful examination of the record we have concluded that the finding of the trial court on that question is not against the clear weight of the evidence. Therefore, the cause being one of equitable cognizance, the judgment against Son, the Flag Oil Corporation, and Flag Company, Inc., for the cancellation of their agreement with Triplett and for return of the certificates, and for costs, will not be disturbed.

The Flag Oil Corporation and Flag Company, Inc., on their cross-appeal assign as error the action of the trial court in allowing Standley to amend his pleadings and in rendering judgment against them at the hearing on motion for new trial without notice to them.

They also assign as error the overruling of their motion to vacate and modify said judgment.

We are told by counsel in the brief that the amendment was allowed and made and judgment rendered against the Flag companies without notice to them and in their absence.

Although the brief was served upon Standley, he has not seen fit to challenge the correctness of the above statements of counsel; and we are unable to say, after an examination of the record, that such statements are inaccurate. While the trial court may, in furtherance of justice, allow amendment of a pleading either before or after judgment to conform to facts proved (section 251, O. S. 1931), it is an abuse of discretion to permit a material amendment without notice to, and in the absence of, the adverse party, for, as was said in Avery v. Jayhawker Gasoline Co., 101 Okla. 286, 225 P. 544:

"It can hardly be said that a material amendment of a pleading, made in the absence of an adverse party and without notice to him, would be in furtherance of justice."

In view of the foregoing, Standley's judgment against the Flag Oil Corporation of Delaware must be reversed. Such reversal, however, to be without prejudice to Standley's right to pursue by proper action any claim for reimbursement he may possess against said corporation.

The Flag Company, Inc., failed to give notice of its intention to appeal from the Standley judgment. Its attempted appeal therefrom must therefore be dismissed.

The judgment of the trial court in favor of Standley and against the Flag Oil Corporation of Delaware is accordingly reversed, and the judgment in favor of Triplett and against all the plaintiffs in error is affirmed.

BAYLESS, V. C. J., and RILEY, BUSBY, PHELPS, and HURST, JJ., concur. OSBORN, C. J., and WELCH and CORN, JJ., dissent.