### DISPLAY STAGE LIGHTING CO., Inc., v. CENTURY LIGHTING, Inc.

District Court, S. D. New York.
Nov. 25, 1941.

938

Schaines & Liberman, of New York City (W. R. Liberman, of New York City, of counsel), for plaintiff.

Louis Barnett, of New York City (Albert T. Scharps, of New York City, of counsel), for defendant.

GODDARD, District Judge.

The plaintiff moves for a dismissal of the "Second Defense" pleaded in defendant's answer upon the ground that it is insufficient in law. The defendant makes a cross motion to dismiss the complaint based upon this second defense.

The complaint seeks a declaratory judgment, Judicial Code, Section 274d, 28 U.S. C.A. § 400, declaring that two patents owned by the defendant are invalid or not infringed. The patents relate to a "Display Light" or lighting fixture.

It is alleged by plaintiff that an actual controversy exists between plaintiff and defendant as the defendant has threatened and continues to threaten to sue plaintiff and customers of the plaintiff to whom it has sold its "Display Light" for alleged violations of defendant's patent. The plaintiff alleges that defendant has no bona fide claim against it and its former customers and that the patents upon which the defendant bases its claims are invalid; moreover, that defendant's patents are not infringed by the plaintiff's device.

The answer of the defendant denies the material allegations of the complaint and in addition sets up two affirmative defenses. The second affirmative defense, which plaintiff seeks to have stricken, alleges that the plaintiff, a New York corporation, filed a certificate of dissolution in the office of the County Clerk of this County on May 19, 1941, which was prior to the commencement of this action. The defendant takes the position that in view of the dissolution of the corporate plaintiff, the plaintiff may not bring this action for a declaratory judgment.

Some months prior to its dissolution the plaintiff executed an agreement with one of its customers to whom it had sold its "Display Light" agreeing to indemnify and save it harmless against damages sustained as a result of litigation by the defendant, Century Lighting, Inc.

■ Under Rule 17(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the capacity of the plaintiff to sue must be determined by the law of New York, the state of plaintiff's incorporation. With respect to the powers of dissolved corporations, Section 29 of the General Corporation Law of New York, Consol.Laws, c. 23, provides as follows: "§ 29. Corporate existence to continue in case of dissolution; authority of directors. Upon the dissolution of a corporation for any cause and whether voluntary or involuntary its corporate existence shall continue for the purpose of paying, satisfying and discharging any existing liabilities or obligations, collecting and distributing its assets and doing all other acts required to adjust and wind up its business and affairs, and it may sue and be sued in its corporate name."

Section 105, subd. 8, of the Stock Corporation Law of New York, Consol.Laws, c. 59, provides: "8. Such [dissolved] corporation shall continue for the purpose of paying, satisfying and discharging any existing liabilities or obligations, collecting and distributing its assets and doing all other acts required to adjust and wind up its business and affairs, and may sue and be sued in its corporate name."

In Security Trust Co. v. Pritchard, 201 App.Div. 142, 194 N.Y.S. 486, 489, it is said that the directors are in a sense trustees to liquidate the affairs of the dissolved corporation, and goes on to say: "The corporation continues in existence, not to exercise any corporate power or to

transact any new business; but 'for the purpose of paying, satisfying, and discharging any existing debts or obligations, collecting and distributing its assets, and doing all other acts required in order to adjust and wind up its business and affairs,' and may sue and be sued' for such purpose."

In Grand Street Realty Company v. Universal Textile Co., City Ct., 191 N.Y.S. 655, 657, the court stated at page 657: "To resist a claim which it believes unwarranted and to enforce one to which it is entitled is to conserve and collect its assets, and for this purpose the corporation continues in existence. General Corporation Law (Consol.Laws c. 23) § 221, subd. 3."

See also Metropolitan Tel. Co. v. Metropolitan Tel. Co., 156 App.Div. 577, 141 N. Y.S. 598.

 I think it is clear that defendant could sue the plaintiff for past patent infringements at this time even though plaintiff is a dissolved corporation. Bloedorn v. Washington Times Co., 67 App.D. C. 91, 89 F.2d 835; Giovannangeli v. Levich & Pollach, 134 Misc. 245, 235 N. Y.S. 28. The complaint alleges that the defendant claims plaintiff has infringed defendant's patents and has threatened to bring suit against the plaintiff and its customers predicated upon such infringements. It is apparent that the complete liquidation of plaintiff's corporate affairs, contemplated by the New York statutes, cannot be had until defendant's claims have been adjudicated. Its liabilities and its assets are unknown. In order for the plaintiff to know what are its obligations, if any, to its former customers, it is necessary for the corporation to have a judicial adjudication as to whether or not it has infringed the defendant's patents. For this purpose it has the requisite capacity to maintain this suit under the New York Law. Cf. Stentor Electric Mfg. Co. v. Klaxon Co., 3 Cir., 115 F.2d 268, reversed on other grounds 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Treemond Co. v. Schering Corporation, 3 Cir., 122 F.2d 702.

Respecting the right of plaintiff to seek relief by way of declaratory judgment action: Where, as is the fact in the case at bar, a patentee makes threats of an infringement action but delays pressing the suit, the alleged infringer may maintain a declaratory judgment action to determine the validity of the patent in question. In Lances v. Letz, 2 Cir., 115 F.2d 916, page 917 the court says: "We believe it a fair interpretation of the remedial provisions of the declaratory judgment statute, 28 U.S.C.A. § 400, and of Federal Rule of Civil Procedure 57, 28 U.S.C.A. following section 723c, that one cannot so brashly initiate a controversy by such extensive threats of litigation as were here involved and then avoid the risk of judicial adjudication by mere nonaction. One of the situations where the declaratory judgment is most helpful is that of patent litigation where a threat of suit for infringement has been made and not pressed for the attention of a court. * * * and when the threat of action is made * * * the position of peril and insecurity for plaintiffs already exists."

See also Leach v. Ross Heater & Mfg. Co., 2 Cir., 104 F.2d 88; Creamery Package Co. v. Cherry-Burrell Corp., 3 Cir., 115 F.2d 980.

Accordingly, plaintiff's motion to strike defendant's second affirmative defense as insufficient in law is granted, and defendant's cross-motion to dismiss the complaint, based upon such affirmative defense, is denied. Settle order on notice.