## TRAMMELL v. ESTEP.

### No. 269.

Municipal Court of Appeals for the
District of Columbia.

May 9, 1945.

Rehearing Denied May 18, 1945.

Frederick R. Wilson, of Washington, D. C., for appellant.

Milton M. Burke, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

A tenant appeals from an order refusing to vacate a writ of restitution.

After a trial on the merits plaintiff had obtained a judgment for possession of dwelling property on the ground that she required it for the immediate use of herself and family—one of the grounds under which a tenant may be ousted under the Emergency Rent Act.[1] In entering the finding on December 4, 1944, the trial judge granted a stay of execution for one month, to January 4, 1945, with the proviso, "rent to be paid." Defendant noted an appeal to this court but later withdrew it. Defendant paid rent to January 1, 1945. Somewhat later defendant's attorney appealed to plaintiff's attorney for a further extension of eleven days, to January 15, 1945, on the ground that defendant had found a new home "but would not be ready to move before that date." Through his attorney defendant agreed that he would pay rent for the intervening period, "that no additional motions would be filed subsequent to said date to further delay the plaintiff who had been waiting almost four months for her property" and would vacate on January 15. On the strength of these stipulations plaintiff agreed to and did withhold further action and did not order a writ of restitution.

On January 11, 1945 defendant appeared at the office of plaintiff's attorney and paid rent to January 15. Defendant did not keep his promise to vacate on January 15, but attempted to prevail upon plaintiff's attorney to accept rent beyond that date. The attorney refused and proceeded to obtain a writ of restitution. Defendant's attorney withdrew from the case when he learned that his client had failed to comply with the agreement above recited.

A new attorney then came into the case and filed a motion to vacate the writ of restitution, claiming that by accepting rent for the period ending January 15, the landlord had "rented the said premises again to the defendant herein." At the hearing on the motion the former attorney for defendant appeared in court and confirmed the terms of the agreement we have recited, whereby defendant had secured the further extension. Nor was it disputed that the extension of time and the payment of rent were entirely for the accommodation of the tenant. Nevertheless, it was contended in his behalf that by accepting rent for the few days of the extended period the landlord had created a new tenancy and had abandoned her right to enforce the judgment of possession.

The contention is completely without merit. No principle of law supports it. No statute or court decision gives it even the color of reasonableness. This is completely unlike the case of a landlord who accepts rent for a period after the expiration of a notice to quit and is deemed to have waived the notice.[2] Nor can the situ-

---

[1] Code 1940, §§ 45—1601, 45—1605.    [2] Byrne v. Morrison, 25 App.D.C. 72.

502

ation be twisted into a "verbal hireing by the month" to make it a tenancy at sufferance under the Code.[3]

This landlord had obtained a judgment which established her right to possession under the Rent Law. The tenant had been granted a liberal stay by the court, conditioned upon rent being paid. He then bargained with the landlord for more time, and got it upon the same condition and upon the further condition that it would be the last extension. Then, instead of fulfilling his promise to move he went back into court and sought an adjudication that the landlord, by forbearing to evict him when she had a right to do so, had created a new tenancy and had somehow lost or "abandoned" her rights under the judgment. The trial judge was right in rejecting such contention.

The law will not permit a tenant to fashion out of a landlord's forbearance and his own repudiated promise, a destruction of rights established by a valid judgment.

Affirmed.