UNION PROVISION & DISTRIBUTING CORPORATION v. THOMAS J. FISHER & CO., Inc.

No. 433.

Municipal Court of Appeals for the District of Columbia.

Oct. 10, 1946.

---

[1] Plummer v. Johnson, D.C.Mun.App., 35 A.2d 647, and cases there cited.

Maxwell A. Ostrow, of Washington, D. C., for appellant.

Henry R. Gower, Milford Schwartz, and E. A. Mooers, Jr., all of Washington, D. C. for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Appellee as landlord sued "Union Provision Company, Inc., a corporation" as tenant under an expired lease for possession of business property. Service was duly made. On the return day a Mr. Director, who on March 1, 1945, had signed a one-year lease for the premises in behalf of the corporation named as defendant in the suit, appeared and consented to judgment for possession under a stipulation that there would be a stay of execution for sixty days conditioned upon the payment of rent.

Upon expiration of the sixty-day period and after a writ of restitution had been issued, "Union Provision and Distributing Corp., a corporation" filed a motion in the same action to set aside the judgment and to vacate the writ of restitution. Attached to the motion was an affidavit signed by the same Mr. Director, stating that he was president of the last-named corporation. In his affidavit Mr. Director stated further that at the time he signed the lease for the premises in behalf of "Union Provision Company, Inc.," and at the time he appeared in court in behalf of that corporation and confessed judgment for it, such corporation was no longer in existence, and that at the time the suit was filed and ever since, the premises have been actually occupied by Union Provision and Distributing Corp. He was president of both corporations, and between the dissolution of the first and the organization of the second, the business carried on at the premises was operated by himself and his wife as a partnership under the name of "Union Provision Company."

The trial judge heard evidence on the motion to set aside the judgment and then denied the motion. From that action the Union Provision and Distributing Corp. prosecutes this appeal. Appellee has filed a motion to dismiss the appeal upon several grounds, the principal ones being that the order appealed from is not an appealable order, that the appeal comes too late, that appellant has no standing in the case, and

that appellant is estopped from attacking the judgment for possession.

We have concluded that the appeal must be dismissed. The order appealed from is not an appealable order. "The motion (to vacate a judgment) is addressed to the discretion of the court, and is intended to furnish the court an opportunity to correct its own error. If the right of appeal could be revived by a motion of this sort, it would enable the defeated party to fix his own time for review, thus delaying indefinitely the enforcement of the judgment."[1] Here the motion to vacate was filed more than two months after the judgment and this appeal was taken more than four months after the judgment.

Moreover, appellant is without standing to prosecute this appeal. It filed its motion to set aside the judgment as "the occupant of the property." It does not show that it legally became the occupant or that it acquired any other legal interest in the premises or any status as tenant. The expired lease to "Union Provision Company, Inc.," contained a covenant against subletting or assignment and no sublease or assignment is alleged.

If appellant's motion be treated as a petition for intervention, its position is untenable, first, because it has shown no grounds entitling it to intervention[2] and, second, because intervention will not be allowed for the purpose of impeaching a decree already made.[3] It is not urged that appellant was unaware of the judgment for possession; obviously it could not take such a position since its president consented to such judgment.

Appellant appears to base its appeal largely upon the theory that the judgment below was a nullity in that it was a judgment against a non-existing corporation. This contention is wholly without merit. Here the corporation sued was the very corporation which made the lease under which the premises were occupied for the year preceding the suit, and the lease was signed by the same individual who now says that at the time he signed the lease, the corporation in whose behalf he signed it had previously been dissolved. A fact recited in a deed or lease will be taken to be true against all parties thereto and all claiming under them, and a party is estopped not only from disputing the deed or lease, but every fact which it recites.[4] Furthermore, the law is well established that a dissolved corporation may be sued in its corporate name.[5]

A corporation may act only through its officers and agents. This appeal is being prosecuted by one corporation through its president, who was also president of the corporation against which the judgment was obtained. As president of one corporation he submitted to the jurisdiction of the court and obtained a stay of execution which benefited the second corporation of which he is also president. Under such circumstances we believe that the appellant corporation is estopped to deny the validity of the judgment which it now seeks to attack. One can not accept or secure a benefit under a judgment and then repudiate the judgment and prosecute an appeal therefrom.[6]

Appeal dismissed.

---

[1] Dante v. Bagby, 39 App.D.C. 516. See also Crowley v. Wood, D.C.Mun.App., 31 A.2d 861; Ray v. Bruce, D.C.Mun. App., 31 A.2d 693.

[2] Klein v. Liss, D.C.Mun.App., 43 A.2d 757.

[3] United States v. California Co-op. Canneries, 279 U.S. 553, 49 S.Ct. 423, 73 L.Ed. 838. See also Connor v. Peugh's Lessee, 59 U.S. 394, 18 How. 394, 15 L. Ed. 432.

[4] Morris v. Wheat, 8 App.D.C. 379.

[5] Lyman v. Knickerbocker Theatre Co., 55 App.D.C. 323, 5 F.2d 538. See also Bloedorn v. Washington Times Co., 67 App.D.C. 91, 89 F.2d 835.

[6] Trammell v. Estep, D.C.Mun.App., 42 A.2d 501. See also Harris v. Harris, 67 App.D.C. 85, 89 F.2d 829; 2 Am. Jur. "Appeal and Error" § 214.