**GEORGE HYMAN CONSTRUCTION COMPANY, INC., Appellant,**

v.

**G. Russell DiNICOLA, et al., Appellees.**

&

**BOATMAN & MAGNANI, INC., Appellant,**

v.

**G. Russell DiNICOLA, et al., Appellees.**

**G. Russell DiNICOLA, et al., Appellants,**

v.

**GEORGE HYMAN CONSTRUCTION COMPANY, INC., et al., Appellees.**

**Nos. 82–511, 82–564 and 82–565.**

District of Columbia Court of Appeals.

Argued July 8, 1986.
Decided Sept. 12, 1986.

---

Wayne M. Mansulla, Washington, D.C., for appellant DiNicola.

William J. Donnelly, Jr., Washington, D.C., for appellant George Hyman Const. Co., Inc.

No appearance was entered for appellant Boatman & Magnani, Inc.

Before NEWMAN, FERREN and STEADMAN, Associate Judges.

FERREN, Associate Judge:

Appellant, Russell DiNicola, contends the trial court erroneously denied his motion for prejudgment interest in this tort action. Appellee, George Hyman Construction Company, Inc., replies that in the District of Columbia prejudgment interest is not available in tort actions. Hyman adds that, because appellant has accepted payment of the judgment, he is precluded in any event from challenging on appeal the denial of prejudgment interest. We conclude that, even if prejudgment interest were awardable in a tort action—an issue we do not decide—it would be an element of damages, inseparable from the jury's award itself. Because appellant accepted the benefit of that award without effectively preserving the right to appeal the denial of prejudgment interest, we must dismiss his appeal.

I.

DiNicola sustained severe and permanent injuries in August 1972 in a job related accident.[1] Before the case was called for trial almost ten years later in April 1982,

---

1. The facts of the underlying action are recited more fully in *DiNicola v. George Hyman Construction Co., Inc.,* 407 A.2d 670, 671 (D.C.1979). We summarize only those facts and the procedural history pertinent to this second appeal.

appellant filed a motion for a ruling that, as a matter of law, prejudgment interest should be paid from the date of injury "to the date of payment of any judgment," or, in the alternative, for a jury instruction permitting prejudgment interest. Before instructing the jury, the trial court denied the motion.[2] After trial, the jury awarded appellant damages in a lump sum of $600,-800, covering the period from the date of the injury through trial and into the future.[3] Appellees apparently paid the judgment, for on July 8, 1982, the parties filed a praecipe, signed by counsel for appellants and for both appellees, requesting the clerk to enter the judgment as "paid and satisfied." This appeal followed.

## II.

DiNicola argues that the trial court erred in ruling he was not entitled to prejudgment interest. D.C.Code § 15–109 (1981) provides:

In an action to recover damages for breach of contract the judgment shall allow interest on the amount for which it is rendered from the date of the judgment only. This section does not preclude the jury, or the court, if the trial be by the court, from including interest as an element in the damages awarded, if necessary to fully compensate the plaintiff. In an action to recover damages for a wrong the judgment for the plaintiff shall bear interest.

The trial court did not doubt the availability of prejudgment interest in a proper case but found such interest unawardable on this record. *Supra* note 2. There is, however, a more fundamental issue. In *Schneider v. Lockheed Aircraft Corp.*, 212 U.S.App.D.C. 87, 658 F.2d 835 (1981), *cert. denied*, 455 U.S. 944, 102 S.Ct. 1622, 71 L.Ed.2d 855 (1982), the United States Court of Appeals for the District of Columbia Circuit held that the second sentence of § 15–109, permitting prejudgment interest, does not apply to tort actions.[4] *Schneider,*

---

**2.** In denying the motion, while deciding on jury instructions, the trial court stated:

Where interest is concerned, there's some things not clear from the record of this trial that I think should become part of the record of this trial.

One is, from the date of the injury, the plaintiff's [DiNicola's] work[er's] compensation [has been] paid for by his employer, that as of the date of trial he has received in excess of $100,000 in advances under work[er's] compensation; that the payment of his medical bills have been advanced by his employer; there's been a pretrial adjudication that his employer is the real party at interest in this litigation.

If a normal tort-feasor advanced medical expenses and living expenses up to and including the date of the trial, no one would have the timerity to start talking about prejudgment interest. That's the identical situation that we have here now.

The Court does not doubt for one minute the ability of a jury to award prejudgment interest where it's necessary to fully compensate the plaintiff. The Court finds as a fact that it isn't necessary to fully compensate the plaintiff in this case and there will be no argument—the question of prejudgment interest will not be submitted to the jury.

**3.** The jury also awarded $50,000 to Freda DiNicola, appellant's wife, for her loss of consortium.

**4.** Specifically, *Schneider* held: "[N]either common law nor the District of Columbia Code provides for the award of prejudgment interest in tort actions." 212 U.S.App.D.C. at 108–09, 658 F.2d at 856–57.

DiNicola argues that *Schneider* was incorrectly decided. He asserts the court of appeals wrongly concluded that, "[a]t common law, judgments in the District of Columbia did not bear [prejudgment] interest," 212 U.S.App.D.C. at 108, 658 F.2d at 856, because the case upon which it relied for this proposition, *Washington and Georgetown R.R. v. Harmon's Administrator*, 147 U.S. 571, 584–85, 13 S.Ct. 557, 561–62, 37 L.Ed. 284 (1893), precluded only *post*-judgment interest. DiNicola insists that in 1901, at the time the predecessor to D.C.Code § 15–109 (1981) was enacted (Act of March 3, 1901, ch. 854, § 1185, 31 Stat. 1378), the common law did allow prejudgment interest in tort actions. He cites *District of Columbia v. Robinson*, 180 U.S. 92, 107–08, 21 S.Ct. 283, 288–89, 45 L.Ed. 440 (1901) (decided two months before Congress enacted the 1901 Act; interest in trespass action allowed at jury's discretion) and *Washington and Georgetown R.R. v. Hickey*, 12 U.S.App.D.C. 269, 275–76 (1898) ("settled principle" in personal injury case "as well as in other cases of wrong, that the jury may, in [its] discretion, allow in [its] verdict interest on the money actually laid out and expended by the plaintiff, by way of damages").

however, does not bind this court, *M.A.P. v. Ryan*, 285 A.2d 310, 312 (D.C.1971), and, as noted recently, we have not yet addressed this question. *Bell v. Westinghouse Electric Corp.*, 507 A.2d 548, 555 n. 5 (D.C. 1986). We have had occasion only to interpret the statute as it applies to cases arising out of an express or implied contract. *E.g., House of Wines, Inc. v. Sumter*, 510 A.2d 492, 498–99 (D.C.1986); *Edmund J. Flynn Co. v. LaVay*, 431 A.2d 543, 550 n. 6 (D.C.1981).

■ However, even if § 15–109 should be construed to permit prejudgment interest in tort actions, such interest would be an "element in the damages awarded." D.C.Code § 15–109 (1981). DiNicola's counsel signed a praecipe confirming that the judgment had been "paid and satisfied." Consequently, as elaborated below, DiNicola has accepted the benefit of a lump sum jury award for which prejudgment interest—applicable at best only to an unknown portion of the award—no longer can be calculated without reopening a settled award. This, the law does not permit. DiNicola, therefore, is estopped from pursuing the prejudgment interest issue on appeal.

### III.

■ In general, one cannot accept benefits under a judgment, order, or decree and at the same time attack its validity on appeal. *Aetna Casualty and Surety Co. v. Smith*, 127 A.2d 556, 558 (D.C.1956); *Union Provision & District Corp. v. Thomas J. Fisher & Co.*, 49 A.2d 85, 87 (D.C.1946); 4 AM.JUR.2d, *Appeal and Error* § 251 at 746–47 (1962). If, however, the outcome of an appeal can have no effect on the appellant's right to the benefit accepted, the appeal can go forward. *E.g., Tennyson v. Tennyson*, 263 A.2d 643, 644–45 (D.C.1970) (where there is no possibility that, upon remand, a lesser amount would

be awarded, plaintiff wife, by accepting monthly support payments, is not precluded from appealing for higher monthly support). Consequently, acceptance of the principal sum of a judgment will not bar the right to appeal a claim for interest, expenses, or penalty if the appeal is limited to such add-ons and—of controlling significance—cannot affect the principal sum. 4 AM.JUR.2d, *supra,* § 255 at 751; *accord Price v. Franklin Inv. Co.*, 187 U.S.App. D.C. 383, 386, 574 F.2d 594, 597 (1978) ("'when a judgment or decree adjudicates separable or divisible controversies, the appealing party may accept the benefit of the separable or divisible feature in his [or her] favor and challenge the [adverse] feature'") (quoting *Luther v. United States,* 225 F.2d 495, 497 (10th Cir.1955)); *Rasheed v. Mubarak*, 695 P.2d 754, 757 (Colo. App.1984) ("appeal may lie if the provisions of the judgment from which the appeal is taken are not mutually dependent on those provisions from which the party has accepted benefits, and the reversal of the former will not require reversal of the latter").

If prejudgment interest in tort actions is available in this jurisdiction, that interest, according to the statute, would be "an element in the damages" which the factfinder may award "if necessary to fully compensate the plaintiff." D.C.Code § 15–109 (1981). Prejudgment interest, however, is properly awardable only with respect to injuries suffered before trial. *See Hillier v. Southern Towing Co.*, 740 F.2d 583, 585 (7th Cir.1984), *cert. denied*, 469 U.S. 1190, 105 S.Ct. 961, 83 L.Ed.2d 966 (1985). In the present case, the jury returned a verdict in one lump sum. As a result, we cannot know what portion of the total award was intended to compensate for losses suffered before trial, in contrast with future losses. In short, we cannot tell what portion of that amount would accrue prejudgment interest, if available at all.[5]

---

5. The amount of interest to be awarded further depends upon when the plaintiff incurred the injury. For example, the real value of the pain DiNicola suffered on the date of injury would accrue ten years of interest, whereas the real value of the pain suffered a year before trial would accrue only one year of interest. A for-

■ If we were to reverse the trial court's denial of prejudgment interest, therefore, we would have to remand for a new trial on damages. This we cannot do, for it would reopen and thus jeopardize the award which DiNicola has accepted as "paid and satisfied." *Aetna Casualty and Surety Co.*[6]

*Appeal Dismissed.*

---

Pedro D. Shepherd filed a brief pro se.

N. Denise Wilson-Taylor, Washington, D.C., was on brief, for respondent. Michael A. Milwee, Washington, D.C., also entered an appearnce for respondent.

mula is available for an expert witness to use in calculating interest for pretrial injuries.

**6.** We can think of at least three ways in which appellant could have preserved the prejudgment interest issue for appeal. He could have accepted some or all of the award subject to an agreed stipulation that the prejudgment interest issue would be appealed and, if there were a retrial on damages, the party left in the debtor position would pay the balance due. Or, if a stipulation were not feasible, appellant could have declined to accept the award (on the assumption that the judgment debtor could not demonstrate prejudice from retaining the money, and earning interest, until the matter was finally resolved). If, on appeal, this court were then to have ruled that prejudgment interest is awardable in tort actions, there would have been a remand for a new trial on damages. Finally—and perhaps the most practical solution—appellant could have asked for an instruction requiring the jury to divide its award between pretrial and post-trial injuries. Appellant could then have accepted the award attributable to the post-trial period and received a new trial on pretrial damages, including the element of prejudgment interest, without affecting the benefit he accepted.