MARY ANN CONNOR, ALIAS MARY ANN VAN NESS, TENANT, &c., PLAINTIFF IN ERROR, v. SAMUEL A. PEUGH'S LESSEE.

Where a declaration in ejectment was served on the 15th of the month and the court met on the 27th, it was ten days before the commencement of the term.

Judgment being entered against the casual ejector, the tenant having neglected to make herself a party, cannot bring a writ of error to the judgment.

A motion to set the judgment aside was an application to the sound discretion of the court below. No appeal lies from its decision, nor is it the subject of a bill of exceptions or writ of error.

THIS case was brought up by writ of error from the circuit court of the United States for the District of Columbia, holden in and for the county of Washington.

The counsel for the defendant in error moved to dismiss the writ of error under the following circumstances:—

An action of ejectment was brought by Peugh's lessee to recover the eastern half part of lot number seven, in the square or reservation marked B in the city of Washington. A copy of the declaration was served on Mrs. Connor, on the 15th March, 1854, the court being about to meet on the 27th, and the rules requiring the service to be made at least ten days before court. At the term of March, there being no appearance for the defendant, a motion was made by the plaintiffs' counsel for judgment against the casual ejector, which was postponed till next term.

At October term, 1854, judgment was entered against the casual ejector, and also against Mary Ann Connor, the tenant in possession.

On the 24th of March, 1855, a writ of habere facias possessionem was sued out, which was returned, " came to hand too late for service."

On the 23d of May, 1855, an alias writ was issued, returnable on third Monday of October thereafter.

Before the return day of this writ, namely, on the 5th of June, 1855, Mrs. Connor appeared in court by her counsel and moved to set aside the judgment and also to quash the writ of hab. fac. poss., upon the ground that a copy of the declaration was not served upon her ten days before the meeting of the court at

March term, 1854. In which case no judgment by default ought to have been rendered against her until March term, 1855.

At October term, 1855, this motion was overruled and the petition was dismissed. Whereupon, Mrs. Connor prayed an appeal to the supreme court of the United States, which was granted.

A writ of error brought the whole proceedings up to this court.

The motion to dismiss upon the ground that the ruling of the court below in dismissing the petition was a matter within the sound discretion of the court, and not the subject of a writ of error, was argued by *Mr. Bradley* and *Mr. Lawrence* in support of it, and opposed by *Mr. Brent.*

Mr. Justice GRIER delivered the opinion of the court.

Defendant in error moves to dismiss the writ of error in this case. It is an action of ejectment brought in the circuit court of this district in the usual form, by serving a declaration on the tenant in possession with notice. The declaration and notice were served by the marshal, more than ten days before March term, 1854. The tenant did not appear and have herself made defendant in place of the casual ejector, according to the exigency of the notice; and at October term a judgment was entered against the casual ejector, in the usual and proper form. On the 5th of June, 1855, the tenant in possession came into court for the first time, and moved to set aside the judgment and execution issued thereon, and to be allowed to defend the suit, for reasons set forth in her affidavit. The court refused to grant this motion, "whereupon the said Mary Ann Connor prayed an appeal," &c.

The tenant in possession having neglected to appear and have herself made defendant, and confess lease, entry, and ouster, the judgment was properly entered against the casual ejector. No one but a party to the suit can bring a writ of error. The tenant having neglected to have herself made such, cannot have a writ of error to the judgment against the casual ejector.

The motion afterwards made to have the judgment set aside, and for leave to intervene, was an application to the sound discretion of the court. To the action of the court on such a motion no appeal lies, nor is it the subject of a bill of exceptions or writ of error.

Writ of error dismissed.