LUPFER v. CARLTON, Governor, for Use and Benefit of BOARD OF PUBLIC INSTRUCTION OF DADE COUNTY.

No. 6844.

Circuit Court of Appeals, Fifth Circuit.

April 1, 1933.

Giles J. Patterson, of Jacksonville, Fla., for appellant.

C. W. Peters, of Miami, Fla., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

**HUTCHESON, Circuit Judge.**

Appellee, suing for the use and benefit of the board of public instruction for the county of Dade, brought this suit on the 20th of November, 1930, in the Circuit Court of Dade county, Fla., on a county depository bond executed by the Southern Surety Company of New York. The defendant removed it to the District Court of the United States for the Southern District of Florida. The cause was proceeded with there on the pleadings and proof, until April 20, 1932, when final judgment for the plaintiff in the sum of $100,000 was entered.

On July 15, J. E. Lupfer, who had on the 16th day of May, 1932 been appointed receiver of the assets of the Southern Surety Company of New York in the state of Florida, filed in the court below a suggestion of the insolvency and dissolution of that defendant. This suggestion advised the court that the judgment rendered on April 20, 1932, was invalid, that the suit had before that abated because of the fact that on March 22 in New York by court decree the charter of the defendant company had been forfeited, surrendered, and annulled, and the company itself dissolved. To the suggestion was attached a copy of the New York decree ordering liquidation of and dissolving the company, and of the Florida decree appointing Lupfer receiver. On the same day Lupfer filed his petition, praying that the court make and enter an order vacating and setting aside the judgment, and granting leave to appellant to be substituted in the cause as party defendant in the place and stead of the Southern Surety Company of New York.

On July 19, 1932, the District Judge entered his order denying the motion for leave to intervene and to set aside the judgment. From that order this appeal is prosecuted.

[1, 2] By motion to dismiss, appellee urges that the order complained of is not a final order from which an appeal will lie; that it is merely a discretionary order, not reviewable on appeal. We think appellee is right. The order in effect amounts to no more than a discretionary order, refusing, under circumstances showing no injury to him therefrom, to permit one to intervene.

It is the generally accepted view that, where it is not made clearly to appear that the rights of a party will be lost to him by the refusal of the right to intervene, the granting or refusal of such an order is purely discretionary, and that it is not a final order from which an appeal will lie. Lewis v. Baltimore & L. R. Co. (C. C. A.) 62 F. 218; Credits Com. Co. v. U. S. (C. C. A.) 91 F. 570; Credits Com. Co. v. U. S., 177 U. S. 316, 20 S. Ct. 636, 44 L. Ed. 782; Ex parte Leaf Tobacco Board of Trade of the City of New York, 222 U. S. 578, 32 S. Ct. 833, 56 L. Ed. 323; City of New York v. N. Y. Telephone Co., 261 U. S. 312, 43 S. Ct. 372, 67 L. Ed. 673. That this must be so is evident from its nature and effect. Refusing, as it does, to permit the petitioner to become a party to and to litigate his claims, it cannot conclude or affect him as to such claims, and, not at all affecting his rights, it can in no sense be said to be a final order. Credits Com. Co. v. U. S., supra. This principle has been applied in cases precisely like the one before us. Ex parte Cutting, 94 U. S. 14, 24 L. Ed. 49; Mary Ann Connor v. Samuel Peugh, 18 How. 394, 15 L. Ed. 432. In the last cited case it was said: "To the action of the court below, on a motion to set aside the judgment, and for leave to intervene, it being a matter of discretion, no appeal lies, nor is it the subject of a bill of exceptions or writ of error."

If, however, the order attempted to be appealed from be considered, to the extent that it denies the motion to set aside the judgment, as something more than a denial of the petition to intervene, as a refusal to set the judgment aside on the request of appellant, a stranger to it, it itself is an order, equally discretionary and equally unappealable. Motions in the nature of writs of error coram nobis are addressed to the discretion of the trial court, and no appeal lies from the exercise of that discretion. Pickett's Heirs v. Legerwood, 7 Pet. 144, 8 L. Ed. 638; Walden v. Craig, 9 Wheat. 576, 6 L. Ed. 164; Layton v. U. S., 250 U. S. 635, 39 S. Ct. 493, 63 L. Ed. 1182; Tyler v. Morris, 4 D. & B. (20 N. C.) 625, 34 Am. Dec. 395; Wood's Exec. v. Colwell, 34 Pa. 92; Holford v. Alexander, 12 Ala. 280, 46 Am. Dec. 254.

The action of which appellant complains is in no sense final. It settles nothing, it precludes nobody; least of all appellant, who was denied the right to become bound by any of the proceedings in that cause. The matter made the subject of appellant's suggestion of intervention may be considered and acted on by the trial court at any time ex mero motu, or upon the suggestion again made, of any person including the appellant himself. If the judgment is invalid, as appellant maintains, and as, if there was a dissolution of the corporation before judgment without the continuance of its life by statute, it would seem to be (Marion Phosphate Co. v. Perry (C. C.

274

A.) 74 F. 425, 33 L. R. A. 252; Thompson on Corporations (3d Ed.) §§ 6508, 6510, 6517, 6519, 6520), appellant has not been at all prejudiced by the court's refusal to permit him to intervene, for he stands as to the right to assert its invalidity in that court or in any other just as he did before he appeared there, wholly unaffected by the action of the court on his motion.

The motion to dismiss is granted; the appeal is dismissed.