**MOHONK REALTY CORPORATION v.
WISE SHOE STORES, Inc.**
No. 285.

Circuit Court of Appeals, Second Circuit.
April 15, 1940.

David W. Kahn, of New York City (Wachtell, Manheim & Grouf and Nathan Siegel, all of New York City, on the brief), for appellant.

Abraham I. Menin, of New York City (I. Alfred Levy, Arthur S. Simon, and Asa S. Herzog, all of New York City, of counsel), for appellee.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

On April 3, 1939, the district court approved the plan of reorganization proposed for Wise Shoe Company, Inc., which had filed a petition under Bankruptcy Act, § 77B, 11 U.S.C.A. § 207. The plan was consummated by June 30, 1939, and on that day the district court terminated the proceedings, discharged the debtor, and perpetually enjoined all creditors from proceeding either against the old company or the new corporation, Wise Shoe Stores, Inc., which had been organized pursuant to the plan. On November 15, 1939, the appellant, a landlord of the debtor, moved to vacate the order of June 30, to amend the order of April 3 approving the reor-

ganization plan, and to modify the plan itself. The appeal is from the denial of that motion.

The debtor operated a chain of retail shoe stores. When it first filed under section 77B, it obtained from appellant an agreement not to regard the reorganization petition as a breach of the lease. From that time until the consummation of the reorganization plan the debtor, as debtor in possession, paid the stipulated rental to appellant as it fell due. But the debtor in possession never adopted or rejected the lease. The plan of reorganization provided that "The Debtor and/or the Debtor in Possession shall likewise assign to the New Corporation, all unexpired leases, except such · as may be rejected by the Debtor." The district court found that appellant "was a party to the reorganization proceeding, having filed formal notice of appearance, that it had notice of the plan and of the steps leading to confirmation, and that it made no objection to the plan." The plan was confirmed without protest from appellant, and appellant's lease was accordingly "assigned" to the new corporation. No appeal was ever taken from the order confirming the plan or from the order of June 30, 1939, winding up the estate.

The assignment to the new corporation created privity of estate between it and appellant, but no privity of contract. The new corporation was bound to pay the stipulated rental so long as it remained in possession, but it could move out at any time, free of liability to the landlord. Siegel v. D. A. Schulte, Inc., 2 Cir., 111 F.2d 83, April 8, 1940. When appellant and its attorneys, as they claim, first became aware that the plan provided for no more than an assignment, the time for appeal from both orders had expired. So they brought on the present motion.

The district court found that there had been no showing of actual fraud. New money had been invested in the company since the winding up of the reorganization. Although the court intimated that the plan was probably unfair to appellant, it stated that a reopening now would be inequitable to the new investors. The motion to vacate was accordingly denied.

Section 77B, sub. f, 11 U.S.C.A. § 207, sub. f, like section 222 of Chapter X of the Chandler Act, 11 U.S.C.A. § 622, permits the alteration or modification of a reorganization plan before or after its confirmation. But it is apparent from the re-

strictions stated in the section itself, as well as from its general intent, that it does not authorize changes in the plan after the entire bankruptcy proceedings have been terminated, unless and until the bankruptcy proceedings are first reopened by appropriate motion. See Finletter, The Law of Bankruptcy Reorganization, 662-664. A motion to reopen a bankrupt estate is addressed to the sound discretion of the district judge. This court will not review the disposition of such a motion except for abuse of discretion. In re Goldman, 2 Cir., 129 F. 212; In re Graff, 2 Cir., 250 F. 997; In re Schreiber, 2 Cir., 23 F.2d 428; In re Ferribee, 7 Cir., 93 F.2d 262. In the present case the district court was faced with the problem of weighing the unfairness of the plan to appellant against the inequity of disturbing a decree in reliance on which new money had been invested. Appellant's predicament is at least partly its own creation. We cannot say that the district judge abused his discretion by refusing to reopen.

Cases may be found in which the privilege to reopen was deemed absolute, and in which the refusal of the lower court to recognize its duty to reopen was reviewed on appeal. But in each of these cases the motion to vacate attacked the original judgment or decree for a jurisdictional defect. In Stevirmac Oil & Gas Co. v. Dittman, 245 U.S. 210, 38 S.Ct. 116, 62 L.Ed. 248, the appellant had moved to vacate a judgment because jurisdiction had never properly been obtained over his person. The language of the Supreme Court indicated that it considered the denial of such a motion always appealable. Denial of a motion to vacate on identical grounds, made during the term, was held fully appealable in Consolidated Radio Artists v. Washington Section, National Council of Jewish Juniors, 70 App.D.C. 262, 105 F.2d 785. Similarly denial of a motion to vacate a consent decree, within the term, for lack of jurisdiction over the subject-matter was fully reviewed in Swift & Co. v. United States, 276 U.S. 311, 48 S.Ct. 311, 72 L.Ed. 587. Motions to vacate decrees closing bankrupt estates may be similarly reviewable if the ground of the motion is lack of jurisdiction to enter the decree. Cf. Vallely v. Northern Fire & Marine Ins. Co., 254 U.S. 348, 41 S.Ct. 116, 65 L.Ed. 297; Finletter, op. cit. supra, at 626–629. But no question is made in the present motion of the court's jurisdiction over person or subject-matter at the time it entered its order confirming the plan.

In Zadig v. Ætna Ins. Co., 2 Cir., 42 F.2d 142, this court considered an appeal from denial of a motion, made during the term, to vacate a judgment dismissing a cause for delay in its prosecution. The district judge had denied the motion to vacate because he believed he had no jurisdiction to entertain it. We ruled that he did have jurisdiction to consider the motion on the merits, and returned the matter to him for that purpose. The issue reviewed related to jurisdiction to entertain the motion to vacate, rather than to jurisdiction to enter the original decree, as in the Stevirmac, Swift & Co., and Consolidated Radio Artists decisions, but still it was a jurisdictional issue far different from the issue presented by the motion now under consideration. Nor was the rule of the Zadig case extended to other than jurisdictional problems by the discussion in Board of Supervisors of Rockland County v. Knickerbocker Ice Co., 2 Cir., 80 F.2d 248, 250.[1]

Since none of the above cases permitting a complete review is determinative here, the present appeal is controlled by the decisions refusing to reopen bankrupt estates, cited earlier, and by the many rulings that the denial of a motion to vacate within the term is ordinarily not appealable except for abuse of discretion. Connor v. Peugh's Lessee, 18 How. 394, 59 U.S. 394,

---

[1] Phillips v. Negley, 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013, and Hume v. Bowie, 148 U.S. 245, 13 S.Ct. 582, 37 L.Ed. 438, expressly confine their rulings permitting appeal to motions to vacate made at a subsequent term of court, on the theory that, since the court cannot consider a motion as part of the old cause after expiration of the term, the motion is a new suit and a decision on it is a final disposition of that new suit, and therefore appealable. In Stevirmac Oil & Gas Co. v. Dittman, supra, it does not affirmatively appear that the term had expired, but that must have been the case, as was pointed out in Board of Supervisors of Rockland County v. Knickerbocker Ice Co., supra, 80 F.2d at page 250. A bankruptcy court sits without terms, Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557, and in so far as the above cases permit appeals merely because the term has expired, they are necessarily inapplicable.

15 L.Ed. 432; Dean v. Mason, 20 How. 198, 61 U.S. 198, 15 L.Ed. 876; Steinfur Patents Corp. v. Meyerson, 2 Cir., 49 F.2d 765; Mintz v. Lester, 10 Cir., 95 F.2d 590; Lupfer v. Carlton, 5 Cir., 64 F.2d 272; Willis v. Davis, 6 Cir., 184 F. 889; Burns v. Ender Coal & Coke Co., 7 Cir., 104 F.2d 964; Smith v. United States ex rel. Gorlo, 7 Cir., 52 F.2d 848; Glinski v. United States, 7 Cir., 93 F.2d 418; Andris v. Du-Pont Cellophane Co., 7 Cir., 93 F.2d 421; Bensen v. United States, 9 Cir., 93 F.2d 749; Republic Supply Co. v. Richfield Oil Co., 9 Cir., 74 F.2d 909.

 Appellant also makes some claims of lack of notice which might be conceived of as jurisdictional. It is not denied that appellant was a party to all the reorganization proceedings, nor is it disputed that appellant received proper notice of the confirmation hearing. But the order of June 30, 1939, winding up the estate and enjoining further action by creditors, was issued ex parte, without particular notice to appellant. The failure to give notice did not make the order invalid for lack of jurisdiction. A reorganization plan consummated under Chapter X is binding even as against creditors who were never scheduled and who never knew of the proceeding. Section 77B, sub. g, 11 U.S.C.A. § 207, sub. g; Chapter X, § 224(1), 11 U.S.C.A. § 624(1); Finletter, op. cit. supra, at 673. Although the record is silent, we assume that a copy of the winding-up order was sent to appellant shortly after June 30, 1939. Yet appellant did nothing until November. A motion made so late and not addressed to an attack on the jurisdiction of the court to enter the order is directed to the court's discretion and reviewable only for abuse of that discretion.

There is also a claim of fraud, which was overruled by the district court. Even if a creditor has an absolute privilege to reopen a bankrupt estate for fraud, and even if denial of such a motion is fully reviewable on the merits, we are satisfied that no actual fraud has been demonstrated.

 Appellant urges further that as a landlord whose lease was not rejected, it was unable to file a claim and hence had no right to be heard at the confirmation hearing. This argument is apparently made to excuse appellant's failure to appear at that time. The only possible reason why appellant would have had no right to be heard is that it had no right to participate in the plan. If there was no right to participate then, appellant certainly cannot demand that right now, nor would it have any standing to make the present motion. But in any event we are satisfied that appellant had the right to be heard and the right to share in the reorganization plan. A landlord may not be a creditor with a provable claim until his lease is rejected, but under Chapter X his lease can be rejected by the terms of the plan itself [section 77B, sub. b(6), 11 U.S.C.A. § 207, sub. b(6); Chap. X, § 216(4), 11 U.S.C.A. § 616(4)], and at such time he becomes a creditor with a provable claim. Section 77B, sub. b, 11 U.S.C.A. § 207, sub. b; Chap. X, § 202, 11 U.S.C.A. § 602. A landlord is entitled to insist that his lease be either rejected or fully assumed under the plan, and he must appear in the reorganization court at the confirmation hearing or before, in order to assure adequate protection for his interests. Consolidated Gas Elec. L. & P. Co. v. United Rys. & Elec. Co., 4 Cir., 85 F.2d 799, does not deny to a landlord this right to be heard. Nor does Commercial Cable Staffs' Ass'n v. Lehman, 2 Cir., 107 F.2d 917, go so far as to deny this right to one who will become a creditor of the debtor immediately upon the consummation of the reorganization plan. Having failed to protest, appellant is bound as a "creditor" by the order confirming the plan. Section 77B, sub. g; Chap. X, § 224(1). Its only avenue of relief was to persuade the district court that it would be unfair not to reopen the plan. That avenue is now closed.

Affirmed.