UNITED STATES of America, Plaintiff-Appellee,

v.

McFADDIN EXPRESS, INC., et al., Defendants-Appellants.

No. 16, Docket 27438.

United States Court of Appeals Second Circuit.

Argued Oct. 26, 1962.

Decided Nov. 26, 1962.

Thomas A. Flaherty, Norwalk, Conn. (Eugene J. Callahan, Norwalk, Conn., also on the brief), for appellants.

Giora Ben-Horin, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Meyer Rothwacks, Fred E. Youngman, Giora Ben-Horin, Attys., Dept. of Justice, Washington, D. C., Robert C. Zampano, U. S. Atty., and Irving H. Perlmutter, Asst. U. S. Atty., Connecticut, on the brief), for appellee.

Before LUMBARD, Chief Judge, and SWAN and MOORE, Circuit Judges.

SWAN, Circuit Judge.

McFaddin Express, Inc., a Connecticut corporation doing business in Stamford, Conn. (hereafter referred to as McFaddin), and Louis De Beradinis, Jr., principal stockholder of McFaddin, appeal from a summary judgment in favor of the United States, and from denial of motions subsequently made by De Beradinis to reopen said judgment, grant a rehearing and disqualify counsel who represented McFaddin when the motion for summary judgment was granted.

The complaint, dated October 20, 1960, alleged the existence of valid liens, prior to those claimed by parties cited as defendants, against two assets of the defaulting taxpayer, namely, a franchise certificate issued by the Interstate Commerce Commission, and a debt due the taxpayer from New Haven Board and Carton Company. McFaddin's answer to the complaint admitted that the amount claimed for unpaid taxes "is substantially correct, although the exact amount due is not known to the defendant" and "therefore, the defendant, McFaddin Express, Inc., does not desire to contest the actual amount due." The United States moved for summary judgment against all parties pursuant to Rule 56 F.R.Civ.P. A hearing was held on this motion in September 1961, and since there was no disputed issue of fact as to the amount of taxes due or as to the validity and priority of plaintiff's liens, the motion was granted. Final judgment was entered on November 28, 1961, decreeing that plaintiff recover from McFaddin $198,079.40 plus the costs of suit taxed at $50.00; that New Haven Board and Carton Co. pay plaintiff the debt it owed the taxpayer; and that the franchise certificate issued by the I. C. C. be sold and the proceeds thereof be paid to plaintiff.[1]

Subsequent to entry of the final judgment Mr. De Beradinis filed his motions to reopen, etc. Although not a party to the suit, he was given a hearing on his motions, at which he made admissions substantially the same as those in McFaddin's answer to the complaint.[2] Nor did he suggest the existence of any papers or other means of checking the amount. Without such means, reopening could serve no useful purpose and would result only in useless delay.

McFaddin's answer to the complaint was filed by its attorney, Mr. Morton Weiss, who also appeared as attorney for another defendant, Adley Express Company, Inc. These two corporations had conflicting interests by reason of a proceeding pending before the Interstate Commerce Commission involving McFaddin's franchise certificate. Apellants contend that because of the representation of both corporations by the same attorney the judgment on appeal deprives McFaddin of property without due process of law. They rely on several state court decisions on conflict of interest.[3] No controlling federal decision is cited.[4] We hold there was no error committed in denying the motions to reopen. Since there is no dispute about the facts admitted in the answer to the Complaint filed by Mr. Weiss, McFaddin was not prejudiced by his representation. A different attorney could have given no different advice.

---

1. The judgment is not officially reported.

2. At the hearing on the motions, the court asked:
"Is there any question that McFaddin owes the amount of taxes for which judgment was entered?"
Mr. De Beradinis replied:
"As to the exact amount, I have no way of checking, nor am I able to check the figures. I did say at the last meeting in this Court, in front of your Honor, that I admitted there was a tax liability to the Government. As to how much, I was not aware, and unable to check at that time, and still unable to check."

3. See, e. g., Hammett v. McIntyre, 114 Cal. App.2d 148, 249 P.2d 885; Van Dyke v. White, 55 Wash.2d 601, 349 P.2d 430; Allstate Insurance Company v. Kelly, 17 Ill.App.2d 44, 149 N.E.2d 482, 70 A.L.R. 2d 1190.

4. Roberts v. Anderson, 10 Cir., 66 F.2d 874, cited by appellants, is readily distinguishable.

As noted above Mr. De Beradinis was not a party to the suit. Consequently he has no standing to appeal from the judgment. Ex parte Cockcroft, 104 U.S. 578, 26 L.Ed. 856; Connor v. Peugh's Lessee, 18 How. 394, 395, 59 U.S. 394, 395, 15 L.Ed. 432; First Iowa Hydro Electric Cooperative v. Iowa-Illinois Gas & Electric Co., 8 Cir., 245 F.2d 630; United States v. Seigel, 83 U.S.App.D.C. 88, 168 F.2d 143, 144–145.

The judgment is affirmed on the taxpayer's appeal and the stockholder's appeal is dismissed.