The HISPANIC SOCIETY OF the NEW YORK CITY POLICE DEPARTMENT INC., Luis A. Salgado, William Morales, Manuel Torres, Valentin Neves, Jr., Individually and on behalf of all those similarly situated, the Guardians Association of the Police Department of the City of New York Inc., Gregory S. Williams, Robert McNair, Timothy Pearson, Individually and on behalf of all those similarly situated, Plaintiffs-Appellees,

v.

The NEW YORK CITY POLICE DEPARTMENT, Department of Personnel of the City of New York and the City of New York, Defendants-Appellees,

Robert Hyman, Dennis Gallagher, Thomas Biscione, Timothy McCarthy, David Kondrup, Thomas Cody, Anthony Tesu, James Latuda, Richard Milla, Emerald Society of the Police Dept. of the City of New York Inc., Columbia Association of the Police Dept. of the City of New York Inc., Shomrim Society of the New York City Police Department Inc., St. Paul Society of the New York City Police Department Inc., Steuben Association of the Police Dept. of the City of New York Inc., Francis Shields, Michael Ward, Helene Rinaldi, Ferdinand Guerra and Peter Mahon, as President of Sergeants Benevolent Association and Sergeants Benevolent Association, Defendants-Intervenors-Appellees,

v.

Wayne COSTELLO, John Lanigan, Barbara Pichler, Christopher Matejov, Alan Fisher, Ron Mazone, Thomas Collins, Thomas McManus, William Lucas, Mary Donnelly, Gennaro J. Aiello, Anthony M. Lombardo, John Galvin, Phillip McNerney, James Muranelli, Richard Wojno, Guliano Schiozzi, Thomas E. Quinn, Dennis Casavillo, Charles Hart, David Veraja, John Houston, Patrick Castoro, James Collins, Lawrence Praino, Michael Siedel, Richard Frick, James Healy, Frank Gaetani, James Lien, Mark Eisenberg, William Moen, Wilson Padilla, Evelyn Mari-

no, Arthur J. Rotella, Thomas Ruskin, John Russo, Patrick Russo, Barney Ryan, Thomas J. Ryan, Michael Ryder, Warren Sam, John Sassano, Mel Schwartz, Herbert Seigal, James Smith, Ann Sowinski, William Spisak, Stanley Tatar, Dennis Terminello, Jill Tomczak, Charles Torano, Catherine Volpe, Walter P. Voss, Robert Wagner, William J. Zazeckie, Thomas Moss, Theodore McHugh, Joseph Nicolosi, Kenneth Otten, Louis Pioli, Tadgh D. McNamee, Terrance McCabe, David Panetta, Christopher Haggerty, James G. Schneider, Thomas P. Kelly, Florence Ciaffone, Kevin Sweeney, Howard Allen, Gary Berman, Steven Cairo, Joseph Concannon, Michael Conolly, Maurice Devito, Arthur Flynn, Raymond Gallagher, Kevin Grassing, James C. Kelly, Kevin Kubick, Robert B. Langer, Henry Mahncke, John Marcone, John Mazzocchi, Patrick McGinnis, Sergio Mikulus, Kenneth Nilsen, Alan R. Ostoits, Henry Palayo, Anthony Reitano, Robert A. Sowinski, Joseph Torragrosa, Richard Severi, Rubin Rivera, Alan May, Marc Wolf, William Saunier, Anthony P. Contento, Dominick Petrucelli, Frederick Termini, Kevin Ryan, Morton Adler, Richard J. Angley, Robert Als, Albert Ascolese, Pompeo J. Basile, Lawrence G. Blumenthal, Kevin Boshell, Keith Brinkmann, Daniel Buckley, John J. Carney, Joseph Casella, Harvey Charym, Robert Chille, Gerald Chirico, John Connolly, Frank Corselli, Gary Davis, Edmond J. Decio, Alexander A. DeFrancis, Nicholas Dimuro, James Donohue, William Erdogan, Nathan Fishman, Philip Franchina, Calire Gallagher, Carl Gandolfo, John P. Gerrish, Daniel Graser, Ronald V. Greco, Geoffrey Hart, John Holze, Richard Hoover, Robert Iovino, John Johnson, Craig Judge, Kevin Kaufman, Kieran Kelly, Daniel Kelly, Timothy Kelly, Patrick J. Kenny, Kevin Kirby, Fran Kripinski, Francis X. Lavelle, Anthony Longhitano, James Luongo, Dennis McCabe, John J. McCann, Kevin L. McDonald, Thomas McDonald, Stanley Meltzer, Ralph Marchitelli, Evelyn Mooney, George Moran, James Moreink, Kevin Mullen, Michael D. Nemoyten, Daniel P. O'Neill, Joseph Oppromala, Frank R. Paganucci, Edmund Pederson, Joseph Picarello, Ronald Polis, Gerald Pope, Alan Prescott, Robert Pyetel, Ronald W. Rodman, William Romano, John E. Rivers, George S. Reynolds, Samuel P. Reiver, Eileen Regan, Angelo Graniero, Robert Edwards, Thomas J. Gulotta, Ricky Carpen, Kevin Keenan, David Chong, William Dwyer, Edward Harvey, Benjamin Conforto, Anthony Pauline, Gary M. Katz, George J. Meyer, Barry Goldblatt, Robert Tobuck, James Martin, Frank Mandile, Mary Maruffi, James O'Reilly, Gilbert Eaton, Thomas Kennedy, Ellen Hale, Daniel Boylan, Richard Miltenberg, Kevin O'Keefe, Robin Birnbaum, Frank Forte, Michael Pasuale, Martin Roddini, Anthony Celano, Charles Martin, Salvatore Buscemi, Robert Ahern, Stephen Broady, Chris Athanasopolos, Billie Rivera, Michael Demarfio, Karen Robino, Raymond Mardiney, John Holub, John Toledo, John Wynne, Michael Fiscina, Robert Spitzer, Kenneth Roberts, Richard E. Lagrua, Victor Galante, Brendan Dolan, Fred Schwartz, Robert Mulligan, Walter O'Keefe, Brian O'Reilly, Kevin Fitzpatrick, James Morris, Richard Baebler, Michael McGarvey, Michael Arcardi, Joseph Averso, Angela Amato, Gennaro Aiello, Frank Bergstol, Joseph Balnck, Joseph Brousseau, Joseph Buffolino, William Buryk, Nicholas Bulzomi, Ronald Bradley, Douglas Brandt, Christopher Buckley, Ronald Betterly, Edward Brajczewski, Nicholas Battista, Diane Broccoli, Darryl Berger, Domenick Canale, Paul Calandro, Thomas Callahan, Roland Capuano, Robert Clancy, William Casey, Martin Connolly, Louis Curcuruto, A.P. Casano, James Curry, Francis Cush, Michael Campbell, Daniel Collins, Guy Castellano, William Coyne, James Ciaccia, James Christopher, Jr., Timothy Connolly, Robert Dean, Raymond Dufresne, Brian Dailey, Douglas Brandt, Norman Donoghue, William Dunphy, John English, Mark Eisenberg, Harvey Feit, Dennis Emperor, John Feeney, Todd Fisher, Andrew Foppiano, Stephen Fajfer, John Fitzgerald, Vincent Giammusso, Richard Gwillym, Harvey Grape, Vincent Giantasio, Fr. Michael Glasser,

John Geary, Joseph Giacoppo, Michael Giacoppi, Henry Gross, John Gurtowski, Karl Garbrielsen, Brien Hogan, Thomas Hatch, Thomas Iacopelli, Geoffry Jahn, David Kaiser, Michael Kelly, Stephen Kurz, Edward Kulesa, Richard Kleiner, George Koehler, Daniel Kornblum, John Kloepping, Arthur Kaplan, William Kinzler, Nicholas Limoncelli, Robert Lynch, Christine Legrottaglie, Edith Linn, Anthony Lombardo, James Mood, Thomas Moss, John Melillo, Thomas McGovern, Michael R. McGovern, William McNamara, Edward Paroulek, Arthur Peaslee, Roy Popple, Robert Peters, Robert Peyer, Frank Panareese, Joseph Pastorino, Harold Robinson, Robert Renolds, Connie Phelan, Michael Pasquale, Edward Scolavino, John Scolaro, Donald Skuza, Edward Solomonik, Ronald Shindel, Andrew Sovia, Edward Smith, Jerry Salzman, Joseph Stabile, William Seychell, Michael Trimis, Robert Tarigo, Robert Toohey, Gari Tibaldi, Louis Vingelli, Bernard Wahlen, Jerry Wojcik, Robert Willmarth, Theodore Wess, John Yuknes, John Murphy, Joseph K. Monahan, Warren Molino, Randall Mayer, Peter Malvasio, Robert Napolitano, John Nickels, Stephen Epstein, Louis Greco, Appellants.

No. 220, Docket 86–7507.

United States Court of Appeals,
Second Circuit.

Argued Oct. 16, 1986.

Decided Dec. 8, 1986.

Ronald Podolsky, New York City, for appellants.

Kenneth Kimberling, New York City (Linda Flores, Puerto Rican Legal Defense & Education Fund, Inc., New York City, of counsel), for plaintiffs-appellees Hispanic Society.

Robert David Goodstein, Goodstein and West, New Rochelle, N.Y., of counsel, for plaintiffs-appellees Guardians Ass'n.

Frederick A.O. Schwarz, Jr., Corp. Counsel, June A. Witterschein, Elizabeth Dvorkin, New York City, of counsel, for defendants-appellees.

Richard K. Walker, Bishop, Lieberman, Cook, Purcell & Reynolds, Washington, D.C., of counsel, for defendants-intervenors-appellees.

Before FEINBERG, Chief Judge, and WINTER and MAHONEY, Circuit Judges.

WINTER, Circuit Judge:

This appeal is from an order approving the settlement of a classwide claim of employment discrimination. It was argued at the same time as a companion case, *Marino v. Ortiz*, 806 F.2d 1144 (2d Cir.1986), which has also been decided this day. The underlying action, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2 *et seq.* (1982), challenged a sergeants' examination administered by defendant-appellee New York City Police Department ("NYCPD"). The plaintiffs alleged that the examination had a disparate impact upon black and Hispanic candidates for promotion to the position of sergeant. The settlement approved by the district court called for the successive promotion of blacks and Hispanics who had taken the examination until the alleged disparate impact was eliminated. The appellants, who challenge the settlement as a violation of the fourteenth amendment, are said to be police officers who did not score high enough to be eligible for promotion but did as well or better than the blacks and Hispanics who have been promoted

pursuant to the consent decree. Because the appellants are not parties to this litigation, we dismiss their appeal.

## BACKGROUND

During June 1983 and April 1984, the NYCPD administered Civil Service Examination No. 2548 to 11,899 candidates for promotion to the rank of sergeant. After scoring the exam, the NYCPD set a cut-off point that produced a list of 1,041 police officers eligible for promotion. The racial/ethnic composition of the group taking the exam was 79.0% white, 12.3% black, and 8.7% Hispanic; the breakdown of the eligible list derived from the test scores was 93.47% white, 2.31% black, and 4.23% Hispanic.

In late 1984, the Hispanic Society, representing Hispanic police officers, and the Guardians Association, representing black officers, filed separate actions in the Southern District against NYCPD and various city officials, alleging employment discrimination in violation of Title VII and other provisions.[1] The complaints alleged that the examination had a disparate impact on black and Hispanic applicants and was not job related. Three groups were permitted to intervene in both cases as codefendants: the Sergeants Benevolent Association ("SBA"), representing over 500 officers on the eligible list who had obtained provisional appointments as sergeants; the Sergeants Eligibles Association ("SEA"), representing officers who were on the eligible list but had not received provisional appointments; and various white ethnic societies and other individual officers (the "Schneider Intervenors"). On June 14, 1985, the district court certified plaintiffs in *Hispanic Society* as representatives of a class of all Hispanic candidates who had

taken Examination No. 2548, pursuant to Fed.R.Civ.P. 239(a) and (b)(2).

After discovery, the parties began several months of settlement negotiations. A proposed settlement agreed to by the plaintiffs, the defendants, SEA, and SBA was submitted to the district court on February 7, 1986. The settlement provided that at least 1,000 police officers on the eligible list would be promoted to sergeant. Black and Hispanic police candidates not on the list were to be added until the racial/ethnic composition of the group of newly promoted sergeants was approximately the same as the racial/ethnic composition of the group of candidates taking the test. Additional black and Hispanic officers would be promoted in rank order on the basis of their raw scores on the technical knowledge portion of the exam.[2]

The settlement also proposed consolidation of the *Hispanic Society* and *Guardians Association* actions and the certification of three additional classes: (1) the plaintiffs in *Guardians Association* as representatives of a class of all black candidates who had taken the examination; (2) SBA as the representative of a class of all officers on the eligible list who had been provisionally appointed to the rank of sergeant; and (3) SEA as the representative of all other officers on the eligible list.

The settlement was conditionally approved on February 7, 1986, and a hearing was scheduled for April 17, 1986. Notice of the proposed settlement and the hearing date was sent to all plaintiffs and intervenors, and posted in all precinct stations. The Schneider Intervenors, who had not signed the proposed agreement, were the only parties to the action to oppose the settlement.

1. The case filed by the Hispanic Society was *Hispanic Society v. New York City Police Dep't*, No. 84–6628 (S.D.N.Y. filed Sept. 14, 1984), and the action filed by the Guardians Association was *Guardians Ass'n. v. New York City Police Dep't*, No. 84–8504 (S.D.N.Y. filed Nov. 26, 1984). The two actions were consolidated in 1986 when the court approved the settlement. *See infra.*

2. The examination had two components, a written technical knowledge test and a video job sample test. The entire exam could not be used to rank the minority candidates because video equipment had been defective at some testing locations.

Objections were also filed by officers who were not on the original eligible list but who claimed to have received scores equal to or higher than the black and Hispanic officers to be promoted pursuant to the settlement. The same counsel who represents the appellants in the instant case was allowed to speak at the hearing and argued that the proposed settlement violated the rights of such officers to equal protection of the laws. He filed a "Request for Modification" on behalf of his clients seeking to have the consent decree modified to provide that they be put on the eligible list and promoted.

Judge Carter approved the settlement on June 16, 1986, specifically rejecting the argument made by appellants' counsel. *Hispanic Society of the New York City Police Dep't v. New York City Police Dep't*, 40 Empl.Prac.Dec. (CCH) ¶ 36,385, at 43,654–55 (S.D.N.Y.1986). The Schneider Intervenors filed notices of appeal. Approximately 350 other officers (a considerably larger group than filed objections), also filed notices of appeal. The Schneider Intervenors withdrew their appeal, however, leaving the appeal of the 350 officers as the only remaining challenge to the settlement of the case.

## DISCUSSION

Appellants, the 350 officers, argue that the settlement agreement violates the fourteenth amendment because it requires the promotion of minorities over nonminorities who achieved the same or better scores on the sergeants' examination. We cannot consider this argument on the merits, however. Because appellants never moved to intervene in these proceedings, they are not parties to this litigation, and their appeal must be dismissed.

As a general rule, only a party of record in a lawsuit has standing to appeal from a judgment of the district court. *United States ex rel. Louisiana v. Jack*, 244 U.S. 397, 402, 37 S.Ct. 605, 607, 61 L.Ed. 1222 (1917); *Martin-Trigona v. Shiff*, 702 F.2d 380, 385 (2d Cir.1983); *United States v. McFaddin Express, Inc.*,

310 F.2d 799, 801 (2d Cir.1962). Parties of record include the original parties and those who have become parties by intervention, substitution, or third-party practice. 9 J. Moore, *Moore's Federal Practice* ¶ 203.06, at 3–20 (1986).

There are exceptions to this general rule, but none is relevant to the present matter. The primary exception is when the nonparty has an interest that is affected by the trial court's judgment. *E.g., Martin-Trigona v. Shiff*, 702 F.2d at 385–86 (permitting nonparty trustee to appeal from order granting debtor's habeas corpus petition against bankruptcy judge.) *See also United States v. LTV Corp.*, 746 F.2d 51, 53–54 & nn.5–6 (D.C.Cir.1984); 9 *Moore's Federal Practice* ¶ 203.06, at 3–23. In this case, appellants were not on the original eligible list, they have no right to promotion under state law, and they do not allege that the examination discriminated against them. Even if the settlement were invalidated, therefore, they would not be entitled to promotion. Accordingly, they cannot appeal from the settlement as nonparties with an interest in the order below.

Appellants claim to have standing as parties, and to that end point to a "Definition" in the settlement agreement. That definition states:

The "New York City defendants" shall mean and refer to the City of New York, the New York City Police Department, the New York City Department of Personnel, and all officers, employees or agents, whether elected or appointed, of the City of New York, but not including the *Hispanic Society* plaintiffs, the *Guardians Association* plaintiffs, the intervenor-defendants or any individuals or groups represented by the *Hispanic Society* plaintiffs, the *Guardians Association* plaintiffs, or intervenor-defendants.

Appellants assert that they fall within this definition because they are police officers employed by the City of New York. However, the definitions in the settlement, by their very terms, delineate the parties to the agreement, not the parties to the litiga-

tion. For example, the settlement defines "intervenor-defendants" to mean the SBA and the SEA. By appellants' logic, the Schneider Intervenors would be divested of party status because they are not included in that definition. Yet, the Schneider Intervenors are intervenor-defendants, and were omitted from the settlement definition because they were not signatories to the settlement. Just as the settlement cannot divest a plaintiff or defendant of party status in the litigation, it cannot confer party status on a nonparty.

■ Further, viewed in context, the definition of "New York City defendants" does not make appellants either parties to the settlement or parties defendant in their individual capacities. This provision of the settlement simply binds them to comply with its terms in their official capacities as employees of the defendants, and does not give them standing to raise their current objections to the settlement as violative of their individual rights.

In *Bender v. Williamsport Area School District*, —— U.S. ——, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986), the Supreme Court rejected on jurisdictional grounds a similar attempt to appeal. In that case, high school students brought an action against a school district, members of the school board, and school administrators, challenging certain restrictions on the use of public school premises under the first amendment. The trial court found in favor of the plaintiffs, but granted no relief against any of the school board members in their individual capacities. When the school district decided not to appeal the adverse decision, board member Youngman decided to prosecute the appeal himself. The Supreme Court, acting *sua sponte*, held that because the judgment was against Youngman only in his official capacity, he had no standing to appeal in his individual capacity. *Id.* 106 S.Ct. at 1332 (citing *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985); *Brandon v. Holt*, 469 U.S. 464, 105 S.Ct. 873, 877, 83 L.Ed.2d 878 (1985)). Moreover, Youngman's status as a board member did not "permit him to 'step into the shoes of the Board' and invoke its right to appeal." *Bender*, 106 S.Ct. at 1333. The Court also denied Youngman's claim that he could prosecute the appeal based on his status as a parent, stating, "Since Mr. Youngman was not sued as a parent in the District Court, he had no right to participate in the proceedings in that court in that capacity without first filing an appropriate motion or pleading setting forth the claim or defense that he desired to assert." *Id.* at 1335 (footnote omitted).

The lack of jurisdiction is even more obvious in the present case because, unlike Youngman, appellants were never parties in the district court in any capacity. They were included only in the settlement agreement, along with all other employees of the City of New York, merely to ensure that they would be bound by its terms in their official capacities. *See Bender*, 106 S.Ct. at 1332; *Brandon*, 105 S.Ct. at 877 ("The course of proceedings ... make[s] it abundantly clear that the action against [defendant] was in his official capacity and only in that capacity."). *See also Alexander v. Todman*, 361 F.2d 744, 746 (3d Cir.1966) ("A person who sues or is sued in his official capacity is, in contemplation of law, regarded as a person distinct from the same person in his individual capacity and is a stranger to his rights or liabilities as an individual."). Appellants' argument that the settlement agreement made them parties defendant in their individual capacities is thus without merit.

■ Appellants also claim that filing written objections to the settlement and appearing at the hearing gave them status as parties to the litigation. The fact that appellants were permitted to object to the settlement in the district court does not make them parties, or enable them to appeal from the approval of the settlement. *See United States v. LTV Corp.*, 746 F.2d at 53; *Moten v. Bricklayers, Masons & Plasterers International Union*, 543 F.2d 224, 227 (D.C.Cir.1976).

Appellants' predicament results from their steadfast refusal to comply with the

requirements for intervention set forth in Fed.R.Civ.P. 24. In dismissing the appeal in *Bender,* the Supreme Court emphasized the importance of this rule:

> Because his status as a parent was obviously different from his official status as a member of the Board, in order to participate as a parent in the District Court litigation it was incumbent upon Mr. Youngman under Rule 24 of the Federal Rules of Civil Procedure to make "timely application" by an appropriate motion "stat[ing] the grounds" for intervention and "setting forth the claim or defense for which intervention is sought." Fed. Rule Civ.Proc. 24(a), (c). No such pleading was filed in either of the courts below. *It is particularly important to observe these requirements in cases in which the interest of the litigant seeking to appeal diverges from the interest of the party to the suit.*

106 S.Ct. at 1335 n. 9 (emphasis added). The need for formal intervention is thus as great as the need for named plaintiffs or defendants to state a well-pleaded claim or defense. *See Sanders v. John Nuveen & Co.,* 463 F.2d 1075, 1082 (7th Cir.) (pleading that accompanies intervention motion must satisfy Fed.R.Civ.P. 7(a) so that "all parties understand the position, claims and nature of relief sought by the prospective intervenors"), *cert. denied,* 409 U.S. 1009, 93 S.Ct. 443, 34 L.Ed.2d 302 (1972); 3B *Moore's Federal Practice* ¶ 24.14.

■ The present appeal, however, is based on factual assertions that are nowhere set forth in sworn pleading. Although approximately 350 appellants are named, the record contains no affidavits or other sworn allegations describing their individual status as police officers or as candidates for sergeant. (We note that a considerably smaller number filed objections to the settlement.) Because the requirements for intervention as a party have been ignored, the people pursuing this appeal have no more standing than individuals selected at random from a telephone book. *Cf. Kentucky Home Mutual Life Insurance Co. v. Duling,* 190 F.2d 797, 803 (6th Cir.1951) (holding intervention petition insufficient under Rule 24(c) when it did not state cause of action against defendant but merely stated that intervenors had insurance under the group policy in question). Other individual police officers and white ethnic societies, the Schneider Intervenors, intervened as parties and vigorously pursued their interests. We perceive no reason why appellants could not have done the same.

Consequently, appellants lack standing to prosecute this appeal, and we have no jurisdiction. We therefore dismiss the appeal. We deny appellees' motion for sanctions under Fed.R.App.P. 38. We note, however, that any doubt as to the means by which objectors to class settlements should proceed in the future has been eliminated by this opinion.