**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert Clay BOLIN,
Defendant–Appellant.**

**No. 88–2383.**

United States Court of Appeals,
Fifth Circuit.

June 13, 1989.

H. Michael Sokolo, Asst. Federal Public Defender, Roland E. Dahlin, II, Federal Public Defender, Houston, Tex., for Burroughs.

Michael J. Brown, (Court–Appointed), Houston, Tex., for Bolin.

Paula C. Offenhauser and Frances H. Stacy, Asst. U.S. Attys., Henry K. Oncken, U.S. Atty., and Tom Roepke, Asst. U.S. Atty., Houston, Tex., for U.S.

Before BROWN, WILLIAMS and JOLLY, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Robert Bolin timely appealed after being convicted of conspiracy to manufacture phenylacetone under § 21 U.S.C. § 841(a)(1) and § 846 and for manufacturing phenylacetone under 21 U.S.C. § 841(a)(1) and (2). His appeal however alleges no points of error but adopts the positions of his alleged co-conspirator Ramona Jean Burroughs' appeal.[1] While we are not clear exactly what his claim is on appeal, we assume that he is arguing for the application of any of Burroughs' points of error that are relevant to him.

Because we are reversing Burroughs' sentence based on the improper omission by the trial court of the requested definition of "willfully" in the charge as to the conspiracy, we briefly review how the omission affects Bolin's case since he received the same defective charge. We find that unlike Burroughs' situation, the omission as to Bolin was harmless error, and we affirm his sentence.

**1.** For the facts and proceedings of the joint trial of Bolin and Burroughs, *see United States v.*

## I. *The District Court's Charge*

The district court charged the jury on the offense of conspiracy as follows:

> For a defendant to be found guilty of this conspiracy, the prosecution must prove four things beyond a reasonable doubt: Two or more persons in some way came to an understanding to accomplish a plan to manufacture phenylacetone; the defendant willfully became a member of that conspiracy; at least one of the participants, during the existence of the conspiracy, knowingly committed at least one act to fulfill the plan; and the act was a willful effort to manufacture phenylacetone ...
>
> The evidence does not need to show that the participants in the conspiracy had an express agreement.
>
> The evidence need not establish that every conspirator was aware of or participated in every aspect of the conspiracy.
>
> A person does not become a participant in the conspiracy if he has no knowledge of a conspiracy and only happens to act in a way which advances some purpose of the conspiracy.

The court over Burroughs' objection instructed the jury that the "word knowingly or willfully in these instructions means that the act was done voluntarily and intentionally and not because of accident or mistake." Burroughs had requested a definition of "willfully" from the Fifth Circuit pattern instructions that the court refused. The requested definition defined "willfully" to mean that "the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law." U.S. Fifth Circuit District Judges Association Pattern Jury Instruction (Criminal), Basic Instruction 9A, at 21 (1983).

The trial court, of course, had substantial latitude in framing its instructions. *United States v. Kimmel*, 777 F.2d 290, 293 (5th Cir.1985), *cert. denied*, 476 U.S. 1104, 106 S.Ct. 1947, 90 L.Ed.2d 357 (1986). Ac-

*Burroughs,* 876 F.2d 366 (5th Cir.1989).

cordingly, its refusal to deliver a requested instruction constitutes reversible error only if the instruction:

> (1) is substantially correct; (2) was not substantially covered in the charge actually delivered to the jury; and (3) concerns an important point in the trial so that the failure to give it seriously impaired the defendant's ability to present a given defense.

*United States v. Mollier,* 853 F.2d 1169, 1174 (5th Cir.1988) (quoting *United States v. Grissom,* 645 F.2d 461, 464 (5th Cir. 1981).

## II. *Harmless Error as to Bolin*

We granted a new trial for Burroughs because the omission of the proper definition of "willfully" seriously impaired her defense and was not otherwise adequately covered in the charge. Her defense throughout the trial was that she was merely present during the commission of the crime by Bolin and that she never had the specific intent to break the law. She explained that she was with Bolin only because of romantic involvement.

Bolin on the other hand never alleged that he was merely present. He never claimed that he did not know that what he was doing was unlawful. The evidence instead clearly establishes a full and unquestionable involvement in an illegal scheme to manufacture and sell an illicit drug. The omission of the definition was harmless error as to him since his awareness of illegality inescapably permeated all his activities. We affirm his conviction.

AFFIRMED.